SYLVANUS JONES *v.* JAMES PARSONS, Administrator of the Estate of THOMAS C. BRUNTON, Deceased, The PHŒNIX WATER COMPANY, C. DORSEY, and ABNER REED.

Mortgage of Interest of one of several Partners.—If two or more persons are partners in the ownership and management of real estate, and owe partnership debts, and one of the partners mortgages his interest in the property to secure his individual debt, the mortgagee acquires only the mortgagor's interest in the surplus after the payment of the partnership debts; and if these debts equal or exceed the value of the property, and it is afterwards sold by the partners to pay the partnership debts, the mortgagee, as against the purchaser, holds no interest in the property, liable in equity to be sold, and the mortgage cannot be foreclosed.

Partnership Debts—Sale of Property to Pay.—The purchaser of partnership property, who pays or becomes liable for partnership debts, equal in amount to the value of the property, has a valid defense against a suit in equity, brought to foreclose a mortgage executed by one of the partners for his individual debt on his interest in the partnership property.

Appeal from the District Court, Fifth Judicial District, Tuolumne County.

The note given by Brunton to Jones, the plaintiff, on the 7th of November, 1857, and to secure which he executed the mortgage, was for the sum of two thousand two hundred and forty-three dollars and eighty-nine cents, and was payable three years from date.

In October, 1860, Brunton died, and James Parsons was appointed administrator of his estate.

This action was commenced October 24th, 1862. The defendant, Reed, was made such, because he had purchased the property at a tax sale, and had obtained a tax deed. He demurred to the complaint, and the demurrer was sustained.

The defendants set up in their answer, that at the time of the execution of the mortgage the ditches were the partnership property of Brunton, Parsons, and Gleason; that the partnership was largely indebted in an amount exceeding the value of its property, and that the partnership property was sold for the purpose of liquidating the partnership debts, and settling up the affairs of the partnership.

The other facts are stated in the opinion of the Court.

*Coffroth & Spaulding,* for Appellants.

The mortgage was notice to all parties after it had become a matter of record; and the titles of subsequent purchasers are subject to the lien created by the mortgage.

Dorsey purchased long after the recording of the mortgage.

We claim that the partnership indebtedness should have been disregarded and an absolute decree of foreclosure and sale made. If not, then the plaintiff is certainly entitled to a decree for the foreclosure of the mortgage, and sale of the mortgaged interest *subject* to the payment of the partnership indebtedness still remaining unpaid.

*W. P. Barber,* for Respondents.

The Court decided correctly; the appellant being only an individual creditor of one of the copartners, could not ask any relief against the property until the *copartnership* debts were paid; and the property failing to pay the copartnership debts, there was no surplus left to satisfy individual creditors.

This principle is fully recognized in all standard works on partnership, (Collyer on Part. p. 122, section 125 and notes,) and attaches as well to real as personal property. (Ib; 5 Metcalf, 562–585; *Buchan* v. *Sumner,* 2 Barb. Ch. R. 198; *Hoxie* v. *Carr,* 1 Sumner, 181; 1 American Lead. Cases, 487–489.)

This question has also been expressly decided by this Court. (*Chase* v. *Steel,* 9 Cal. 64; *Conroy* v. *Woods,* 13 Cal. 626.)

In *Jones* v. *Thompson,* 12 Cal. 198, the Court say: " The interest of each is only the residium of the property left after the settlement of the firm debts, and that the rights of firm creditors and the several partners are paramount to the claims of separate creditors of the firm." (See, also, Collyer on Part. sections 135, 136, 154; 1 Story's Eq. Jur. sections 674, 675.)

This appears to be the rule both at common law and in equity, and the present is a suit in equity. If a party attach or levy upon the individual interest of a copartner, he takes it subject to the payment of copartnership debts; and there is no reason why a mortgage should possess greater effect.

*Coffroth & Spaulding*, in reply.

The interest of one partner may be sold on execution against him for his separate debts. (*Kirby* v. *Schoonmaker*, 3 Barb. Ch. R. 46; *Jones* v. *Thompson*, 12 Cal. 191; 2 McCord's Ch. R. 302.)

If such interest can be sold on execution, *why* should not a decree of sale be made upon a mortgage of that interest?

At the date of the mortgage the copartnership was administering its own affairs, and consequently no lien had attached or could attach in favor of partnership creditors in the absence of any judgment in their favor. (*Kirby* v. *Schoonmaker*, 3 Barb. Ch. R. 46; *Conroy* v. *Woods*, 13 Cal. 633.)

Until a lien is obtained by the partnership creditors, either by judgment or attachment, the partners have power to make any *bona fide* sale of the property they think proper; and either of them may mortgage his interest in the real estate. (*Conroy* v. *Woods*, 13 Cal. 633; Collyer on Part. pp. 121, 122; *Greenwood* v. *Broadhead*, 8 Barb. 594; *Ketchum* v. *Durkee*, 1 Barb. Ch. 480.)

By the Court, RHODES, J.

Thomas C. Brunton, made to the plaintiff his promissory note, on the 17th of November, 1857, and to secure its payment, at the same time executed a mortgage of the undivided third of the Yorktown and Sonora Water Ditches. The plaintiff now seeks to foreclose the mortgage against the administrator of Brunton (now deceased) and Brunton's vendees. The Court rendered judgment against the administrator, but refused to foreclose the mortgage. The plaintiff appeals from that portion of the judgment refusing to foreclose the mortgage and from the order refusing a new trial.

It appears from the record that on the 4th of May, 1857, Brunton and Parsons were the joint owners of the Yorktown Ditch, and on that day they, with Gleason, purchased the Sonora Ditch, and Brunton and Parsons then conveyed to

Gleason the undivided third of the Yorktown Ditch, whereby the three persons became equal owners in the two ditches, and they formed a partnership, the ditches forming the main part of the partnership property. Brunton and Parsons put into the firm the Yorktown Ditch on their part, against the purchase money paid by Gleason on the Sonora Ditch.

The parties continued as partners, holding the two ditches, until the 13th of July, 1859, when they dissolved partnership, by an agreement in writing, and in order to pay the partnership debts, therein stated to be twenty thousand dollars, Brunton and Parsons conveyed to Gleason their interest in the ditches, and Gleason agreed to pay the debts. In April, 1860, Gleason conveyed the ditches to the defendant Dorsey, and subsequently Dorsey conveyed the same to the Phœnix Water Company.

Gleason sold the property for the purpose of paying the partnership debts—Dorsey agreeing to pay the same. Gleason paid some portion of the partnership debts out of his own means. At the date of the plaintiff's mortgage the partnership debts amounted to twenty or twenty-five thousand dollars, and the indebtedness continued down to the sale to Dorsey, when the debts amounted to about twenty-five thousand dollars, of which amount five thousand dollars was owing by the partnership to Gleason. The value of all the partnership assets at the dissolution, amounted to about twenty thousand dollars, the water ditches constituting the bulk of the property claimed by the partners as partnership property.

The plaintiff contended, that the ditches were not partnership property, but that Brunton, Parsons, and Gleason were merely partners in the use and management of the ditches. There was no finding of facts filed by the Court, but the issue, as to their being partnership assets, was directly presented by the defendants, and the judgment of the Court, refusing to foreclose the mortgage, could not have been rendered upon any other issue in the cause, nor without finding that fact for the defendants. There was evidence in the cause showing that the partners intended to put in the ditches as capital stock,

and hold them as partners, and the whole evidence was sufficient to have warranted the Court in finding as a fact, that they did hold the ditches in that capacity.

The remedies that the plaintiff was entitled to, at law, or in equity, were quite different, though the final result might be the same whichever tribunal he might resort to.  If he had reduced his original debt against Brunton to judgment at law, during the time Brunton held his interest in the ditches, he could have levied his execution upon Brunton's interest in the ditches, and sold the same in satisfaction of his judgment. This point was so held in *Phillips* v. *Cook,* 24 Wend. 339.

In that case, Mr. Justice Cowen, upon a full and able review of the authorities, clearly settled that question, and says there was no good reason for holding the contrary in any case, but that every reason was in favor of the judgment creditors having that right at law.  The interest that might have been sold under such proceedings was not the undivided third, nor any specific portion of or in the property, but it was only the undefined surplus interest of Brunton in the partnership property that might·remain to him after all the debts owing by the partnership, and by him to his partners, on the partnership account, have been paid.  (Collyer on Part. sec. 822, and notes; Story on Part. sec. 261 ; *Washburn et al.* v. *Bank of Bellows Falls*, 19 Verm. 278.)   In *Pierce* v. *Jackson*, 6 Mass. 242, the Court say that " a creditor of one of the partners cannot claim any interest but what belongs to his debtor, whether his claim be founded on contract made with his debtor or on a seizing of the goods on execution."   And the Court held that the interest of the debtor partner, is the balance coming to him on the settlement of the partnership debts.   The creditor purchases at the execution sale at his own risk, for a Court of law is incompetent to take the account and ascertain the surplus, but the parties interested must resort to a Court of equity for that purpose.

The same result would accrue in case of the sale under execution of the legal interest of a partner, in the partnership real estate, as in the personal property.   The partners are

regarded at law as tenants in common, but in equity the property is treated as vesting in them, in their partnership capacity, the beneficial interest being held by them in trust until the partnership account is settled and the partnership debts are paid. (*Dyer* v. *Clark*, 5 Metc. 562; *Howard* v. *Priest*, 5 Metc. 582; Coll. on Part. sec. 135, and notes.)

The trust in favor of partnership creditors is worked out in equity, through the medium of the trust existing between the partners, each partner having the right to demand that the partnership property shall be applied to the payment of partnership debts, and that he shall be reimbursed out of such property for the debts paid by him, as well as his contribution to the capital stock. The creditor of a separate partner, purchasing under his execution, the legal title in the real estate held by his debtor, would take the title as the debtor partner held it, subject to all the liens and trusts with which the title then stood chargable.

The plaintiff contends that, as he would have the right at law, to sell under execution, the interest of his debtor in the partnership property, he therefore must necessarily have the right to foreclose his mortgage. No point is made in respect to the plaintiff's receiving his mortgage *bona fide* and without notice, actual or constructive, of the partnership rights in the property; and there being no evidence upon that question, it will not enter into the consideration of the case. If he had procured a judgment at law, before the sale to Gleason, and under his execution, had sold the undivided third of the two ditches, held by legal title by Brunton, then he would have held the property as Brunton held it; that is to say, he would have acquired the legal title, charged with the liens and trusts in favor of the remaining partners and the partnership creditors, and the debts equalling the value of the property, the beneficial interest acquired by the execution purchaser, would have amounted to nothing.

The case before us is this: Three partners hold in common the legal title to certain property; the property is partner-

14

ship property; the partnership is indebted in an amount equal to, if not exceeding, the value of the assets; one of the partners, for the purpose of securing his individual debt, mortgages to his creditors the undivided third of the partnership property; the whole partnership property is afterwards sold by the three partners, to pay the partnership debts; and now the individual creditor seeks to foreclose, in equity, his mortgage in satisfaction of his debt. The questions arising upon this state of facts are not now for the first time presented in the Courts of this State. In *Conroy* v. *Woods*, 13 Cal. 626, which was a suit in equity, the Court held that the rights of the partnership creditors, in respect to partnership property, were prior to those of individual creditors; and Mr. Justice Baldwin, in delivering the very able opinion of the Court, quotes with approbation Story on Part. sec. 97, which expressly affirms that doctrine.

In that case defendant Woods was proceeding under his execution, for an individual debt, to sell the property which had belonged to the partnership, but which had been sold to one of the partners, on dissolution, on his agreeing to pay the partnership debts, and the Court ordered the funds to be first applied to the payment of the partnership debts. The lien in that case was acquired by operation of law; in this case it was voluntarily given by the debtor partner. Has a lien voluntarily given any superiority over one acquired by law? We think it clearly has not. The lien by mortgage is in no respect better than would have been the lien of a judgment rendered at the time of the execution of the mortgage, or the lien of an attachment levied at that time on the assets of the partnership.

Whatever the rights of the parties may be at law, and admitting in its full force the doctrine of *Phillips* v. *Cook*, 24 Wend. 389, there never was any doubt that a Court of equity can restrict a party to such rights and remedies as he ought to possess, in view of the relation which he occupies in regard to the partnership assets, or that the Court will so administer the

partnership assets, that the partnership creditors shall be first paid. (*Conroy* v. Woods, 13 Cal. 626.)

The plaintiff has sued in equity, and the defendants are entitled to invoke for their protection, the rules and remedies peculiar to that Court, and they having made it appear that the partnership debts equalled the partnership assets at the date of the mortgage, and of the sale of the partnership property, and that the sale was made to pay the debts, it results, according to the rules of that Court, that the vendees of Brunton, held no interest in the partnership assets liable in equity to be sold for the payment of his individual debts.

It will be observed that in *Conroy* v. *Woods*, the partnership property had been sold to pay the debts of the partnership, and the Court held that in equity the priority of the lien of the partnership debts, still continued as against a creditor of an individual member of the partnership. That rule would not prevent the creditor of an individual member of the partnership, any more than a creditor of the partnership, from impeaching the *bona fides* of the sale.

Our view of the rights of the respective parties, may be illustrated by supposing that the plaintiff had proceeded to foreclose before the sale of Brunton. In such case, it would clearly be competent to the partners and their creditors, who might intervene to secure the payment of the partnership debts due them, to allege and prove that the mortgaged property was partnership property, and that it was necessary it should be employed in the payment of partnership debts, accruing previous to the mortgage, and thereupon to have the same appropriated to that object.

The right still subsists after a sale of the property is made, as in this case, and may be asserted in defense of a suit in equity, brought by a separate creditor, to subject the property to the payment of his debt, the purchaser, for that purpose representing both the partners and the creditors, whose debts he has paid or become responsible for.

The sale by Brunton and Parsons to Gleason, and by him to Dorsey, having been made to pay the partnership debts,

whether regarded as two sales, or as amounting to only one transaction, will be upheld in equity; and it will carry the same consequences as would a sale ordered by a Court of equity, in proceedings instituted for the purpose of administering the partnership assets, for the benefit of the creditors. That Court simply orders that to be done which the parties themselves should have done. If, in such case, a separate creditor should intervene, his claims will be deferred to the prior claims of the joint creditors.

The Court proceeded properly in refusing to enter a decree of foreclosure.

The view we have taken of the principal question in the case, renders it unnecessary to consider the other points raised by the appellant.

Judgment affirmed.