## JOHN ROSS v. CHARLES HEINTZEN.

Action by Tenant in Common in Possession to Determine Adverse Claim to Real Property.—One tenant in common of real property, in the actual possession thereof, may maintain an action, under the two hundred and fifty-fourth section of the Practice Act, to determine the validity of an adverse claim of title thereto by a cotenant.

Vendor's Lien not Transferable.—The equitable lien held by the vendor of real estate after absolute conveyance thereof, is not subject to levy and sale on execution, nor is it the subject of private transfer.

Idem—When the Demand for the Purchase Money is Sold or Assigned.— The indebtedness for the purchase price of real estate is the subject of an execution or attachment, levy, and sale, or of a private transfer; but the equitable interest that attaches to the property conveyed by virtue of the indebtedness in the hands of the vendor, is extinguished by a transfer of the indebtedness.

Title of Mining Company to Quartz Mine and Mill.—Certain real property, consisting of a quartz mine and mill, was owned and worked by a mining company consisting of M. and S., who together owned two thirds, and C. and Y.,

who together owned the remaining one third undivided interest therein. The profits and losses of their mining business were, by tacit agreement, shared by said members in proportions corresponding to their said several interests in the property. M. and S. conveyed by deed absolute their said two thirds interest in said property to R., who immediately entered into and thereafter continued in possession of the same. A small portion only of the purchase price was paid down by R. at said sale. At the date of said conveyance the company was indebted, on account of their said mining business, in the sum of twelve thousand dollars, for which afterward suit was brought against the said members of the company, and under a writ of attachment issued therein said property was levied on as the property of said M., S., C., and Y., and in due course judgment passed against them, and all their right, title, and interest in the property were sold to H., who in due course received a Sheriff's deed therefor, under and by virtue of which he thereafter claimed to own all said property. *Held*, in an action by R. against H., brought under the two hundred and fifty-fourth section of the Practice Act, that R. acquired under said deed from M. and S. the title to said two thirds undivided interest in said property, and that H. acquired by said Sheriff's deed only the one third undivided interest of C. and Y. in said property.

APPEAL from the District Court, Tenth Judicial District, Sierra County.

The facts are stated in the opinion of the Court.

*G. N. Swezy*, for Appellant.

*VanClief & Cowden*, for Respondent.

By the Court, SPRAGUE, J.:

This action was brought under the two hundred and fifty-fourth section of the Practice Act. The complaint alleges title and possession in plaintiff of an undivided two thirds of certain described real estate, and that defendant unlawfully and wrongfully claims an estate or interest in the same two thirds adverse to plaintiff, and prays that the adverse claim of defendant may be determined and adjudged void, and that plaintiff's right and title thereto may be declared and adjudged good and valid. The answer of defendant denies the alleged title and possession of plaintiff, and alleges title and possession in defendant of the entire premises described in the complaint, and that the title, share, or interest of

plaintiff, if any, is subject to the title and right of defendant, and prays for judgment decreeing plaintiff's right or interest, if any, subject and inferior to the right of defendant.

The Court, upon the trial of the issues thus framed, finds substantially the following facts:

As early as 1863 certain persons were the owners of a quartz ledge and mill in Sierra County, and were engaged in the business of mining upon the ledge under the associate name of the American Hill Quartz Company. The memberships of this company were changed from time to time by sale and purchase, but the work of mining upon the ledge was continuously prosecuted under the same associate name until the 27th of August, 1866. No particular agreement appears to have been ever entered into, between the several owners as to the relation they should bear to each other or to the property held by them; but the mine and mill were acquired for the sole purpose of extracting the gold from the quartz, and, with certain other property necessary in working the mine, were brought into and held by the association as its capital. By a tacit understanding, the profits and losses resulting from working the mine were shared by the members of the company in proportion to their respective interests.

From the 29th of April, 1865, until the 27th of August, 1866, Henry Molineux, Hiram Southworth, S. M. Cutler, and James Young were the owners of the mine, mill, and appurtenances, and together prosecuted the business of mining in connection with the same in the company name; Molineux and Southworth together owning two thirds of the whole property, and Cutler and Young one third.

On the 27th of August, 1866, Molineux and Southworth sold and conveyed their interest of two thirds to plaintiff, Ross. The deed of conveyance was duly executed and acknowledged, and on the day of its date was recorded in the appropriate book of records of Sierra County.

At the time of the execution of this deed the work of the company was suspended, and has not since been resumed.

When this deed was made the company was indebted in from twelve to fifteen thousand dollars, and Ross had notice of the indebtedness.

On the 14th of September, 1866, the defendant, Heintzen, commenced an action in the District Court of Sierra County against Molineux, Southworth, Cutler, Young, and Ross, averring in his complaint that the defendants were partners in the working and managing of the American Hill quartz ledge; that they were associated under the firm name of the American Hill Quartz Mining Company, and for several years prior to the filing of the complaint had mined upon said quartz ledge, extracting the gold therefrom, buying supplies, materials, etc., and in every respect had acted and been mining copartners in said business; that in the management of said copartnership business, and between the first day of October, 1864, and the thirteenth day of September, 1866, the said company became indebted to various persons for labor and material furnished, at the instance of the company, in a sum amounting in the aggregate to eleven thousand three hundred and forty-two dollars and fourteen cents, which had been assigned to plaintiff, and for which judgment was asked.

At the time of commencing this action the plaintiff regularly took an attachment and caused it to be levied, among other things, upon all the right, title, and interest of the defendants in and to all the property which is the subject of this action.

To the complaint thus filed Ross answered, denying that he was then or ever was a partner with the other defendants named in the working or managing the American Hill quartz ledge, or that he was then or ever was associated with the other defendants under any firm name whatever, in mining on said ledge or in buying supplies or materials therefor, or that he had ever acted or been a mining copartner with the other defendants at the time of the accruing of any of the indebtedness mentioned.

The other defendants suffered default.

The case was tried by the Court, and on the 26th of October, 1866, after reciting that it appeared to the Court that Ross was not a member of said company at the time the several items of indebtedness named in plaintiff's complaint accrued, judgment was rendered in his favor and against all the other defendants for the amount claimed. On this judgment execution was taken out on the 31st of October, 1866, and levied on all the right, title, and interest of the judgment debtors, Molineux, Southworth, Cutler, and Young, in and to all the property attached, and after due advertisement the same was sold by the Sheriff on the 24th of November, 1866, to Heintzen, the judgment creditor, for the full amount of his judgment. No redemption having been made, on the 27th day of May, 1867, the Sheriff made and delivered to the purchaser, Heintzen, a deed conveying to him all the right, title, and interest of the judgment debtors in and to the property.

From the 24th day of May, 1867, up to and at the time of the commencement of the present action, the plaintiff Ross was in the actual possession of the property described in the complaint, but the defendant Heintzen was not in the actual possession thereof.

At the trial of the present action no evidence was offered as to whether the indebtedness upon which Heintzen recovered his judgment of the 26th of October, 1866, was, or was not, a just indebtedness against the defendants in that action; nor as to the consideration for which Molineux and Southworth sold to Ross, except that recited in their deed to Ross, which is seven thousand dollars in hand paid, the receipt whereof is acknowledged, and also the further consideration "that the said John Ross hath by contract of this date [date of the deed] agreed to pay to us a further sum of twenty thousand dollars in the proportion that the said property" in said deed described, and by it conveyed, was, before the execution of said deed, owned by said Molineux and Southworth, "whenever, and as soon as from time to time said Ross shall have received the same from the property, after payment of

all current expenses thereof." Nor was there any evidence as to whether on the 7th day of August, 1866, or at any subsequent time, Molineux, Southworth, Cutler, or Young was insolvent or otherwise.

Both parties claim to derive title to the two undivided thirds of the property described in the plaintiff's complaint from Molineux and Southworth—the plaintiff by his said deed of August 27th, 1866, and the defendant by his said Sheriff's deed of May 27th, 1867.

Upon the foregoing facts judgment and decree was entered against defendant Heintzen, and in favor of plaintiff Ross, in accordance with the prayer of the complaint. Defendant appeals from the judgment. The issues presented by the pleadings involve but two simple questions—first, as between plaintiff and defendant, which has the legal title to the undivided two thirds claimed by plaintiff of the premises described in the complaint; and second, was the plaintiff in the actual possession at the time of the commencement of this suit? No equitable title to or interest in the undivided two thirds is alleged or claimed by the defendant in his answer; nor does the answer allege any specific or equitable lien upon the same; hence, the questions so ably discussed by counsel of the respective parties as to whether the defendant, as a creditor of the American Hill Quartz Mining Company, on the 27th of August, 1866, held or possessed an equitable lien upon the premises as the company property of his debtors, or whether by his attachment of all the right, title, and interest of Molineux, Southworth, Cutler, and Young, in and to the same on the 14th of September, 1866— his subsequent judgment, execution, levy, purchase, at Sheriff's sale and Sheriff's deed of all the right, title, and interest of the said several persons therein, he acquired a vendor's lien then held by Molineux and Southworth upon the undivided two thirds, theretofore conveyed by them to Ross, are not involved in the issues made or tendered by the pleadings.

Nor does the record disclose that defendant or any other

party through whom he derives title to any portion of the premises, has ever established or enforced, or in any manner attempted to establish or enforce any equitable lien upon the undivided two thirds conveyed by Mclineux and Southworth to plaintiff on the 27th of August, 1866.

It appears from the record that on and for more than one year prior to the 27th of August, 1866, the legal title to the mine, mill, and appurtenances described in the complaint was vested in four persons—Molineux, Southworth, Cutler, and Young. Molineux and Southworth jointly owning and holding the legal title to an undivided two thirds thereof, and Cutler and Young jointly owning and holding the legal title to the other undivided one third.

Whatever equities may have existed in these joint owners or tenants in common of the premises, as between themselves, affecting the title and interest of each cotenant, by virtue of the partnership business which they had been prosecuting upon and in connection with the premises, could not have been adjusted, enforced, or properly inquired into in this action for want of necessary parties and proper allegations in the pleadings.

The deed of Molineux and Southworth to Ross, of the 27th August, 1866, vested in him the legal title theretofore held by them of an undivided two thirds of the premises, and transferred to him all their right, title, and interest in the premises; and after this transfer, Molineux and Southworth had no title nor interest in any portion of the premises subject to levy and sale on execution. Hence, the subsequent levy, sale on execution, and purchase at such execution sale by, and Sheriff's deed to, Heintzen of all the right, title, and interest in the premises held by Molineux, Southworth, Cutler, and Young, on the 14th of September, 1866, vested in Heintzen the legal title to an undivided one third only—the same being the legal title and interest then held by Cutler and Young. ( *Williams* v. *Young,* 17 Cal. 406.)

And admitting the position claimed by appellant—which the record fails to establish—that on and prior to the 27th of

August, 1866, the mine, mill, and appurtenances were the
partnership property of the American Hill Quartz Mining
Company, composed of the four persons, Molineux, South-
worth, Cutler, and Young—the legal title to one undivided
two thirds thereof being vested in Molineux and Southworth,
and the legal title to an undivided one third of the same
being vested in Cutler and Young for the use and benefit of
the firm; and that, as such partnership property, each mem-
ber of the firm held and possessed an equitable lien upon
the premises as security for any such sum or amount as
might be found due him from the firm on final settlement of
the partnership affairs and payment of partnership debts,
then the deed of Molineux and Southworth of the twenty-
seventh August vested in Ross the legal title to an undi-
vided two thirds of the premises incumbered with this con-
tingent equitable lien of the other partners, Cutler and
Young, which by them, or through them by creditors of the
firm, by proper proceedings in equity was liable to be ascer-
tained, established, and enforced. It does not appear from
the record in this case that Cutler and Young, or either of
them, or any creditor of the firm through or independent of
them, had ever by any proper proceeding established, or
attempted to establish or enforce, any such lien upon the
undivided two thirds so held by Ross. Nor does it appear
but that Molineux and Southworth transferred their two
thirds interest in the premises to Ross, with the full consent
of Cutler and Young, after such an adjustment and settle-
ment of the partnership affairs and interests between the
members of the firm as entirely relieved the two thirds so
transferred from any equitable lien of the partners retaining
the remaining one third; or but that, at the date of such
transfer, and at the date of Heintzen's attachment and judg-
ment, the members of the company against whom the
judgment was obtained held other and sufficient property
subject to levy on execution to have satisfied the judgment.

There is nothing in the record from which it appears or
can be inferred that Heintzen ever acquired the interests of

Molineux and Southworth in the contract or agreement of Ross executed to them for deferred payments of a portion of the purchase price of their two thirds interest in the premises; that agreement, as evidence of indebtedness to Molineux and Southworth, might have been reached and applied in satisfaction of Heintzen's judgment by proceedings supplementary to execution; or if during the life of an attachment or execution in the hands of the Sheriff the indebtedness of Ross to them had matured, the amount due them from Ross might have been levied upon by proper garnishment of Ross. But if either or all these steps had been taken by Heintzen, Ross' title to and interest in the premises in controversy would not thereby have been affected. The equitable lien held by a vendor of real estate, after absolute conveyance thereof, is not subject to levy and sale on execution, nor is it the subject of private transfer. (*Baum* v. *Grigsby*, 21 Cal. 172; *Lewis* v. *Covillaud*, 21 Cal. 178; *Williams* v. *Young*, 21 Cal. 227.) The indebtedness for purchase price of real estate may be levied upon or transferred, but the equitable lien which attaches to the land by virtue of the indebtedness in the hands of the vendor is extinguished by a transfer of the indebtedness.

As appears by the record, then, Ross is the absolute owner of and holds the legal title to an undivided two thirds of the premises described in the complaint, and, as found by the Court below, was in the actual possession thereof at the time of the commencement of this suit, and Heintzen is the owner of and holds the legal title to only one undivided third of the same premises, and was not in the actual possession thereof at the commencement of this action. And we can discover no valid reason why one tenant in common of real estate, in the actual possession thereof, may not maintain an action under the two hundred and fifty-fourth section of the Practice Act, to determine the validity of an adverse claim

41

of title by a cotenant, and no authority has been called to our notice which sustains a contrary view.

Judgment affirmed.

Mr. Justice CROCKETT delivered the following concurring opinion, in which Mr. Chief Justice SAWYER concurred:

We concur in the judgment on the ground that the plaintiff acquired the legal title to the property before the defendant attempted to reach it by his attachment; and if the defendant, by means of his judgment, execution, sale, and Sheriff's deed, acquired any title as against the plaintiff, it was only an equity, to be enforced by appropriate proceedings in a Court of equity, and there were no such proceedings in this case.