---

[No. 8621.    Department Two.—June 23, 1885.]
M. DAVIDSON ET AL., RESPONDENTS, v. RICHARD F. KNOX ET AL., APPELLANTS.

PARTNERS—ACTION AGAINST—DEFENDANTS NOT SERVED—JUDGMENT.—In an action against copartners on a partnership obligation, where the names of all the individuals composing the firm are set forth both in the caption and the body of the complaint and summons, with the addition that they are doing business under a firm name, judgment cannot be rendered under section 388 of the Code of Civil Procedure against those defendants who have not been served with process and have not appeared; but a judgment entered in such action against those who have been served will not be vitiated as to them because the other defendants are included therein.

APPEAL from a judgment of the Superior Court of Calaveras County.

The facts are stated in the opinion of the court.

*Carter P. Pomeroy*, for Appellants S. P. and P. V. R. Ely, cited *Shepard* v. *Lightfoot*, 56 Ala. 505.

*Scrivner & Boone*, and *Ira H. Reed*, for the other Appellants.

*Wesley K. Boucher*, *A. C. Adams*, and *A. L. Rhodes*, for Respondents.

Even if the judgment against the non-served defendants were void, it would still be valid against the others. (*Kelly* v. *Bandini*, 50 Cal. 530.)

THORNTON, J.— In the caption of the complaint in this action the defendants are thus named and described:—

"Richard F. Knox, Joseph Osborne, Samuel R. Ely, W. T. Robinson, and Philip V. R. Ely, copartners, doing business under the firm name of Knox & Osborne."

The averment in the complaint as to the relations of defendants to each other is as follows:—

"That the said defendants, Richard F. Knox, Joseph Osborne, Samuel P. Ely, W. T. Robinson, and Philip V. R. Ely, now are, and during all the times mentioned in said complaint have been, partners and associates, doing business under the firm name of Knox & Osborne, and as such partners and associates, owning, working, and operating a certain quartz mine and quartz mill, situate near the village of Mokelumne Hill, in said county and State; the said mine being named the Esperance Quartz Mine, and the said mill being known as the Knox & Osborne Quartz Mill."

The complaint asks for judgment against "said defendants."

The caption of the summons as regards defendants is in the same words as the caption of the complaint above quoted.

In the summons these words are used as to the defendants to whom it is directed and who are required to appear and answer:—

"The people of the State of California send greeting to Richard F. Knox, Joseph Osborne, Samuel P. Ely, W. T. Robinson,

and Philip V. R. Ely, associates and partners, doing business under the firm name of Knox & Osborne."

As to the requirement to appear and answer the language employed in the summons is: "You are hereby required to appear in an action brought against you . . . . and to answer." . . . .

The notification to the defendant in the summons is as follows:—

"And you are hereby notified that if you fail to appear and answer the said complaint as above required, the said plaintiff will take judgment against you for the whole of the principal sum and accrued interest thereon as expressed in said notes and prayed for in their said complaint, and for costs of suit."

Service was made on Robinson, Knox, and Osborne only. Robinson made default and Knox and Osborne answered. The cause was tried and the court rendered judgment as follows:—

"Wherefore, by reason of the law and the findings aforesaid, it is ordered and adjudged that the plaintiffs, the said M. Davidson and S. C. Peek, do have and recover of and from the said defendants, Richard F. Knox, Joseph Osborne, W. T. Robinson, Samuel P. Ely, and Philip V. R. Ely, partners and associates doing business under the firm name of Knox & Osborne, the sum of five thousand and thirty-five and seventeen one hundredths dollars ($5,035 17-100) in gold coin of the United States, with legal interest thereon from date until paid, together with the plaintiffs' costs and disbursements incurred in this action, amounting to the sum of seventy-two dollars ($72).

"And it is further ordered and adjudged that the said plaintiffs do have execution against the separate property of the defendants, Richard F. Knox, Joseph Osborne, and W. T. Robinson, or either of them, the parties served with process in this action, as well as against the joint property of all of said defendants, partners, and associates as aforesaid."

This appeal is prosecuted by all the defendants, and they contend that the judgment is erroneous in that it is rendered against all the defendants, two of whom, the Elys, were not served, with a direction that the plaintiff have execution against the separate property of the parties served, and the joint property of all the defendants.

No such judgment is authorized by section 414 of the Code of Civil Procedure, which provides that when the action is against two or more defendants jointly or severally liable on a contract, and the summons is served on one or more but not on all of them, the plaintiff may proceed against the defendants served in the same manner as if they were the only defendants. The practice act formerly in force had a section somewhat similar to the section just above referred to. (See Pract. Act, § 32.) This section 32 in terms authorized such a judgment as was entered in this case. But no such provision is now found in the Code of Civil Procedure. It was probably omitted in consequence of what was said as to its constitutionality in the opinion of the court in *Tay* v. *Hawley,* 39 Cal. 93.

But it is argued for the respondents (plaintiffs below), that the judgment is sustained by the provisions of section 388 of the Code of Civil Procedure. That section is as follows:—

"When two or more persons associated in any business, transact such business under a common name, whether it comprise the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates in the same manner as if all had been named defendants, and had been sued upon their joint liability."

We think it sufficient to say that the action was not instituted under section 388. The clauses quoted above from the complaint and summons show no intent to proceed under this section. Individuals in the captions of both summons and complaint are named as defendants, and are described as doing business as partners under a firm name. All the parties are named. This is also true of two of the clauses quoted above. The individuals are required to appear and answer, they are notified that if they do not appear, judgment will be taken against them, and in the complaint judgment is asked against "said defendants." The same forms of expression as are herein employed are those ordinarily used in actions against the individual members of a partnership on a partnership contract. Such being the case, we see no reason why we should construe the action to be one brought under section 388. In an action brought under this section it

is not necessary to name all of the associates as defendants.    In fact the association designated by its common name is the only defendant, and the judgment authorized is one binding only the joint property of the association.    It will thus be seen that the judgment here rendered is not in accordance with either sections 388 or 414 of the Code of Civil Procedure.    Under the former there can be no judgment against the separate property of any associate, and under the latter no judgment is allowed against the joint property at all.

We are of opinion that this is an action against the individual partners doing business under the firm name of Knox & Osborne on partnership contracts, and in such case under section 414 of the Code of Civil Procedure, the plaintiffs can only proceed against the parties served.

The foregoing views dispose of the case and render it unnecessary to pass on the constitutional question discussed by counsel.

The plaintiffs are entitled to judgment against Robinson, Knox, and Osborne who were served with process, but not against the Elys who were not served.    The judgment should then be modified by striking therefrom the names of the Elys, allowing it to stand as against the served parties.

The cause is remanded to the court below with a direction to modify the judgment as above indicated.

Ordered accordingly.

SHARPSTEIN, J., and MYRICK, J., concurred.