[No. 11608.    Department One. — September 15, 1887.]

GOLDEN STATE AND MINERS' IRON-WORKS, APPELLANT, *v.* M. DAVIDSON ET AL., RESPONDENTS.

PARTNERSHIP — REAL ESTATE BELONGING TO FIRM — MORTGAGE BY PARTNER — JUDGMENT AGAINST FIRM — PRIORITY OF FIRM CREDITORS HOW ENFORCED. — The priority which a creditor of a firm has over a creditor of an individual partner is a right in equity, and must be maintained by appropriate proceedings.

ID. — ACTION AGAINST PARTNERSHIP — JUDGMENT — PARTNERS NOT SERVED NOT BOUND BY — LIEN OF ON FIRM PROPERTY. — In an ordinary action against a partnership to enforce a firm liability, in which all the partners are made defendants, but some of them are not served with summons and do not appear, a judgment rendered therein, although pur-

porting to be against the joint property of all the defendants, cannot be enforced against the interests in the firm property of the partners who were not served and did not appear, but is only a lien on the individual interests therein of those served. Such a lien is not entitled to priority as against a prior mortgage of their interests, executed by the partners who were served.

APPEAL from a judgment of the Superior Court of Calaveras County, and from an order refusing a new trial.

The facts are stated in the opinion.

*Gray & Haven*, for Appellant.

*A. C. Adams, A. L. Rhodes*, and *W. K. Boucher*, for Respondents.

HAYNE, C.—Ejectment for an undivided seven tenths of a mine.

On November 13, 1880, and subsequently, Richard F. Knox, Joseph Osborne, W. T. Robinson, S. P. Ely, and Phillip V. R. Ely were mining partners engaged in working the Esperance mine, the legal title to which stood as follows: Eight tenths in Knox and Osborne (one of these eight tenths being held in trust for Robinson), three twentieths in S. P. Ely, and one twentieth in Phillip V. R. Ely. On December 13, 1880, Knox and Osborne mortgaged their seven tenths to the plaintiff. It does not appear whether or not this mortgage was recorded. On October 10, 1882, the property as mortgaged was sold under a decree of foreclosure. Although the defendants were parties to the suit, the decree reserved the question as to the priority of their judgment mentioned below. The plaintiff became the purchaser at the sale, and in due time obtained the sheriff's deed.

The defendants' title is as follows: Between February 28, 1881, and September 12th of the same year, the partnership became indebted to the defendants for supplies furnished, and money paid in and about the working of

the mine; and on September 23, 1881, the defendants commenced an action at law against the five partners to recover what was due on such indebtedness.   No service of summons was had upon the two Elys, who were non-residents, and they did not appear.   On December 13, 1881, a judgment was rendered against all the partners, by which it was ordered, adjudged, and decreed that the plaintiffs in said action (defendants herein) " do have and recover of and from the said defendants, Richard F. Knox, Joseph Osborne, W. T. Robinson, Samuel P. Ely, and Phillip V. R. Ely, partners and associates doing business under the firm name of Knox and Osborne, the sum of.$5,035.17, in gold coin of the United States, together with plaintiffs' costs and disbursements, amounting to the sum of seventy-two dollars."   The judgment contained the following provision: "And it is further ordered and adjudged that the said plaintiffs do have execution against the separate property of the defendants, Richard F. Knox, Joseph Osborne, and W. T. Robinson, or either of them, *the parties served with process in this action,* as well as against the joint property of all the said defendants, partners and associates as aforesaid."

An appeal was taken from this judgment, but no stay of execution was had, and pending the appeal execution was issued, and on February 27, 1882, the property was sold to the defendants, who, after the usual period, received the sheriff's deed.   Upon the appeal it was held that the action was not brought under section 388 of the Code of Civil Procedure in relation to persons transacting business under a common name; and that section 414 of the code did not authorize a judgment against the joint property; and that inasmuch as the two Elys had not been served with process, and had not appeared, the judgment should be modified by striking out their names.   The court did not, however, order the clause above quoted as to the joint property to be stricken out. (*Davidson* v. *Knox,* 67 Cal. 143.)

It will be perceived, therefore, that since the title acquired under the foreclosure proceedings related back to the date of the mortgage (*People's Bank* v. *Hodgdon*, 64 Cal. 98), the plaintiffs herein had the elder title, but only as to the interests of two of the partners; while the defendants had the junior title, although it *purported* to include the interests of all the partners, and was derived through a debt against the firm.

The court below gave judgment for the defendants, upon the theory that partnership creditors have a priority against creditors of individual partners. We think this was erroneous, for two reasons:—

1. Even if it be assumed in favor of respondents that the judgment in *Davidson* v. *Knox* could be enforced against the joint property of the partners, it does not follow that the purchasers at an execution sale under this judgment acquired the legal title as against the appellant's mortgage. Conceding the rule as to the priority of firm creditors to its fullest extent, it is, at all events, so far as real property is concerned, a rule of equity, and not of law. (See *Duryea* v. *Burt*, 28 Cal. 580.) The priority is worked out through the 'en of the partners. (*Jones* v. *Parsons*, 25 Cal. 104, 05; Story on Partnership, sec. 97.) And if it be true that the purchaser of a specific tract at a sheriff's sale under a judgment at law is subrogated to this lien, it must be asserted by appropriate proceedings in equity, and cannot avail him in an action at law, where the equitable rights are not set up. (See *Ross* v. *Heintzen*, 36 Cal. 320; *McCauley* v. *Fulton*, 44 Cal. 362; and compare *Allen* v. *Phelps*, 4 Cal. 258, 259.)

2. But the judgment in *Davidson* v. *Knox* was not against all the partners, nor could it be enforced against their joint property. This was held upon the appeal in that case. (67 Cal. 143.) It is true that the execution sale took place before this decision was rendered, and was under the judgment before it was modi-

fied.  But the case is authority for the proposition that
the action was not brought under section 388 of the
Code of Civil Procedure.  And if that be so, there was
no way in which the joint or the several interest of the
Elys could be affected without service of summons upon
them or their appearance.  Hence the purchaser at the
execution sale did not acquire their interest in the part-
nership property.  (*Wiseman* v. *McNulty*, 25 Cal. 230.)
Leaving out their interests, and the interest of Robin-
son (because it was merely equitable and cannot be con-
sidered in ejectment), it is manifest that the respondents
can claim to have acquired only the interest of Knox
and Osborne, which passed under a prior lien to the ap-
pellants.

We think that upon the evidence the court below
should have rendered judgment in favor of the plaintiff
for seven tenths of the property.  And we therefore ad-
vise that the judgment and order appealed from be re-
versed, and cause remanded for a new trial.

BELCHER, C. C., and FOOTE, C., concurred.

The Court. — For the reasons given in the foregoing
opinion, the judgment and order are reversed, and cause
remanded for a new trial.

Hearing in Bank denied.