BROADWAY NATIONAL BANK *vs.* JAMES A. WOOD & others.

Suffolk.     December 10, 1895. — February 28, 1896.

Present: FIELD, C. J., ALLEN, HOLMES, KNOWLTON, & LATHROP, JJ.

*Partnership — Personal Liability of Ostensible Partner — Estoppel — Equity —
Rights of Creditors of Ostensible and Actual Partners.*

Although an ostensible partner in a firm may be personally liable, on the ground of estoppel, to a creditor who has trusted the firm on the strength of the former's supposed membership, the latter is not entitled to have the property which was in the possession and use of the firm applied to the satisfaction of his claim in priority to the creditors whose claims are only against the actual partners.

BILL IN EQUITY, filed January 30, 1895, against James A. Wood, William H. Leatherbee, Charles W. Leatherbee, and Harry F. Faden, and alleging that the plaintiff was the holder for value of a promissory note for $2,160, dated February 24, 1893, signed by Harry F. Faden and Company, payable in four months after its date to the order of the Little Kanawha Lumber Company, and indorsed by that company; that the note had not been paid in whole or in any part, and the amount thereof and interest thereon were due and owing to the plaintiff; that the note was made for a good consideration, and the plaintiff discounted the same before maturity; that the defendants William H. Leatherbee, Charles W. Leatherbee, and Harry F. Faden, at the time of making of the note and at the time the same was discounted by the plaintiff, comprised all the members of the firm of Harry F. Faden and Company, and were liable to the plaintiff as makers of the note; that the plaintiff had recently been informed that the defendants Leatherbee claim to be the only actual partners of the firm, but that Faden was, at the time the plaintiff took the note, held out to the plaintiff both by Faden and by the defendants Leatherbee as a copartner in the firm; that the firm at the time of making the note and thereafter continuously down to the time the plaintiff discounted the same, and thereafter continuously down to the time of the insolvency proceedings hereinafter stated, carried on the lumber business at Waltham under the name of

Harry F. Faden and Company, and advertised to the public under that name ; that the defendants Leatherbee during all that time also transacted a lumber business in Boston under the firm name of William H. Leatherbee and Son ; that Faden and the defendants Leatherbee represented to the plaintiff and others repeatedly during that time, and especially to the plaintiff at the time it discounted the note, that the Waltham lumber business was conducted by a separate and distinct firm from William H. Leatherbee and Son, and that Faden was a partner thereof, for the purpose of obtaining from the plaintiff and others additional credit for the firm of Harry F. Faden and Company, and for the purpose of inducing the plaintiff to discount the note ; that the plaintiff believed such representation to be true, and, relying thereon, was induced to discount the note for the full value thereof ; that, by reason of such representations, Faden was a partner as to the plaintiff, and to all legal intents and purposes the firm as to the plaintiff consisted of Faden and the defendants Leatherbee ; that the firm of Harry F. Faden and Company was at the time of making the note, and at the time the plaintiff discounted the same, possessed of a large amount of assets situated at Waltham, consisting of land and buildings, stock of lumber, carts, and horses, used in carrying on the business, and moneys in bank deposited in the name of Harry F. Faden and Company, and continued to own and be possessed of such assets and property, except such changes in the stock in trade, by replacing new stock for old, as occurred in the ordinary course of the business, without substantial change in the value down to the time of the assignments hereinafter stated ; that the record title to said land stood in the name of the defendants Leatherbee ; that the above mentioned assets were all of the assets of the firm of Harry F. Faden and Company, and there was no other property of the firm which could be come at to be attached or taken on execution ; that about June, 1893, the defendants Leatherbee, doing business under the firm name of William H. Leatherbee and Son, made a common law assignment of all their assets for the benefit of creditors, and undertook to include therein all the real and personal property situated at Waltham, above described, and theretofore represented as the assets of the firm of Harry F.

Faden and Company; that afterwards, about October, 1893, a creditor of the firm of William H. Leatherbee and Son petitioned the firm into insolvency, and on or about December 15, 1893, the firm was duly adjudged insolvent, and the defendant Wood was duly appointed assignee of the estate; that thereupon William H. Leatherbee and Son made an offer in composition, as provided by law, and also agreed, independently of the composition offer, to transfer or cause to be transferred to Wood all of their property above the amount required to pay the composition offer, in trust, to be disposed of for the benefit of the creditors of William H. Leatherbee and Son; that the offer of compromise was duly accepted by the creditors of William H. Leatherbee and Son, the amount required to carry out the offer was deposited, and the transfer to Wood was duly executed, and William H. Leatherbee and Son thereupon obtained their discharge in insolvency; that, in pursuance of said agreement, William H. Leatherbee and Son conveyed with other property the above mentioned property situated at Waltham, and represented as the property of Harry F. Faden and Company, to Wood, who was in possession of the same, and claimed the right to hold and dispose of it in accordance with the terms of the trust, and for the benefit of the firm creditors of William H. Leatherbee and Son; that the above mentioned property situated in Waltham, constituting the assets of Harry F. Faden and Company, and in the hands of Wood, was much more than sufficient to pay the note, and more than sufficient to pay in full all creditors who had claims against Harry F. Faden and Company as a separate firm; that Wood was about to sell the property of the firm of Harry F. Faden and Company for the purpose of distributing the proceeds among the joint creditors of the firm of William H. Leatherbee and Son, in accordance with the terms of the trust; and that the plaintiff had no adequate remedy at law to reach and apply the assets of Harry F. Faden and Company to the payment of its debt.

The prayer of the bill was that Wood might be enjoined from disposing of the property located at Waltham as above described; that the defendants be directed to apply the property, or so much thereof as might be necessary, to the payment of the plaintiff's claim, or that Wood be directed to render an account

of the property received by him under the transfer above named, and to marshal the same as assets of the firm and apply it to the payment of the debts of Harry F. Faden and Company in full, before paying the separate creditors of William H. Leatherbee and Son any part thereof under the terms of the trust; and for general relief.

The defendants demurred to the bill, assigning various grounds therefor.

At the hearing, the demurrers were sustained, and the bill dismissed; and the plaintiff appealed to the full court.

*R. T. Babson,* (*G. L. Mayberry* with him,) for the plaintiff.

*H. W. Chaplin,* for the defendants.

ALLEN, J.   On the averments of the bill, it must be assumed that Faden was an ostensible but not an actual partner, and that the property which the plaintiff seeks to reach and apply to the payment of its debt was in fact owned by the two Leatherbees. Assuming that Faden was and is personally liable to the plaintiff as ostensible partner, on the ground of estoppel, it is contended that this has the effect to entitle the plaintiff as a creditor of the ostensible firm to have the property which was in the possession and use of that firm applied to the satisfaction of the creditors of that ostensible firm in priority to creditors whose claims are only against the two Leatherbees.   There are some decisions which support or favor this view.   *Kelly* v. *Scott,* 49 N. Y. 595.   *Hillman* v. *Moore,* 3 Tenn. Ch. 454.   *Whitworth* v. *Patterson,* 6 Lea, (Tenn.) 119.   But the weight of authority and the better reason, as we think, are the other way.   The estoppel is a personal one.   An ostensible partner cannot be included in insolvency proceedings instituted by the actual partners.   *Hanson* v. *Paige,* 3 Gray, 239.   He cannot interfere in the management of the partnership business, and obtain an injunction or a receiver.   *Nutting* v. *Colt,* 3 Halst. Eq. 539. *Kerr* v. *Potter,* 6 Gill, 404.   He has no lien on the partnership assets.   *Stone* v. *Manning,* 3 Ill. 530.   The long established equity of joint creditors to be paid in priority out of the joint funds is usually said to be by way of substitution to the rights of the partners *inter sese,* and where no such right exists then the creditors have no such equity.   This doctrine is so firmly established that it is too late now to question it.   Story,

Eq. Jur. 675, 1253. *Howe* v. *Lawrence*, 9 Cush. 553, 558, 559. *Harmon* v. *Clark*, 13 Gray, 114, 121. *Robb* v. *Mudge*, 14 Gray, 534, 539. *Case* v. *Beauregard*, 99 U. S. 119, 125. *Fitzpatrick* v. *Flannagan*, 106 U. S. 648, 654. *Huiskamp* v. *Moline Wagon Co.* 121 U. S. 310, 323. *Saunders* v. *Reilly*, 105 N. Y. 12, 19, 20. *Brown* v. *Beecher*, 120 Penn. St. 590, 607, 608. *Washburn* v. *Bank of Bellows Falls*, 19 Vt. 278. *Rice* v. *Barnard*, 20 Vt. 479. *Couchman* v. *Maupin*, 78 Ky. 33. *Farley* v. *Moog*, 79 Ala. 148. *Golden State & Miners' Iron-Works* v. *Davidson*, 73 Cal. 389, 392. *Grabenheimer* v. *Rindskoff*, 64 Tex. 49. It has also been held in England that, when trustees who are authorized to carry on business contract debts, their creditors can only resort to the trust fund when the trustees are entitled to be indemnified therefrom, and that the creditors reach it only by being substituted to the equities of the trustees. See *In re Johnson*, 15 Ch. D. 548, and *Dowse* v. *Gorton*, 40 Ch. D. 536, cited in *Mason* v. *Pomeroy*, 151 Mass. 164, 167.

In applying the foregoing doctrine to cases where a person is ostensibly, but not actually, a member of a partnership, and is therefore under a personal estoppel to deny his liability, it follows that a creditor who by reason of this estoppel can maintain a personal action against him cannot extend this estoppel so as to bind the property which was in the possession and use of the actual partners. The ostensible partner himself has no equity to have this property applied to the payment of the claims upon which he is liable; and therefore the creditors holding those claims, who are merely subrogated to his rights and equities, have no such equity. *Kerr* v. *Potter*, 6 Gill, 404. *Glenn* v. *Gill*, 2 Md. 1. *Reese* v. *Bradford*, 13 Ala. 837, 846. *Scull's appeal*, 115 Penn. St. 141. *York County Bank's appeal*, 32 Penn. St. 446. *Swann* v. *Sanborn*, 4 Woods C. C. 625.

The result is, that the decree sustaining the demurrer and dismissing the bill was right.

*Decree affirmed.*