WILLIAM B. ALVERSON *v.* NELSON D. ALVERSON.

Where judgment was obtained by default in a case, which by accident was not answered, and execution was issued thereon in April and shown to the defendant, who stated that he intended to settle it, and real estate, attached on the original writ, having been advertised for sale on the 8th of November following, the defendant petitioned on the 7th of November that the sale might be stayed and the judgment set aside and a new trial granted, *held*, that the petition could not be granted, although the defendant produced *prima facie* proof of a valid defence.

MOTION for a new trial. It appeared by the plaintiff's petition and affidavit that the writ was served by attaching his real estate, while he was out of the State. That he returned before the time for answering the case and

instructed his attorney to answer it and have it continued, saying that he should settle it. The attorney forgot to answer it and judgment was rendered by default at the March term of the Court, 1851. The petitioner further declared, that he knew nothing of the judgment until his attention was called to the fact that his land was advertised to be sold upon execution ; that the respondent was indebted to him in a sum larger than the just demand against him, and that also the charges for which the judgment was rendered and which were for work and labor, were excessive and for a greater number of days than the respondent had labored, so that if properly reduced, the claim would be about $200 less than that for which judgment was rendered. The respondent introduced testimony to show that the petitioner was told by the officer charged with the execution, that judgment had been obtained, long prior to the advertisement, and that in several conversations with the officer he did not deny the justness of the claims, but said he intended to settle them. The respondent also offered to prove that the charges for his services were reasonable, but the court refused to hear testimony upon this point. It appeared that the execution was taken out in April and the premises advertised for sale the 8th of November following. This petition was filed the 7th of November and prayed that the sale might be enjoined, the judgment set aside and a new trial granted.

*Currey*, for plaintiff.

*Potter*, for respondent.

*Per curiam.* In applications like this, if it is shown that the petitioner has through accident lost his day in

Alverson v. Alverson.

Court, and that he has a defence in which there is matter for trial, it lies in the sound discretion of the Court to grant or refuse the motion. It is not necessary to show that the defence is valid, and the Court, will not go into the evidence except so far as to satisfy themselves that the petitioner has *prima facie* good grounds for a trial. In this case the petitioner has sworn to statements, which, if true, constitute a defence, and we have not, therefore, in coming to our conclusion considered the contrary testimony offered upon this point. It appears that the attorney was seasonably instructed to answer the case, the petitioner did not, however, then state that there was a defence, but wished it continued that it might be settled. The plea was not filed, and judgment was rendered by default at the last March term. In April the execution was taken out, and the officer charged with it called several times upon the petitioner, and stated the amount of the execution and in none of these interviews did the petitioner intimate that the judgment was unjust or the account over charged or that he had a claim in offset, but said he intended to settle it. The Court met on the fourth Monday of September, and down to the 7th of November, the day before the sale, the petitioner had made no motion for a new trial. These are circumstances which make against his application, and however reluctant we are to cut him off from his defence, yet the judgment of the Court should not be set aside except for strong reasons, and we think where a petitioner deals in this way with an execution, he loses his claim to have the Court interpose in his favor.

Motion denied.