Cooper v. Galbraith.

---

### RALPH V. M. COOPER ADS. JAMES GALBRAITH.

1. The affidavit upon which a rule to show cause is had should be filed upon entering the rule; if not filed or lost by the fault of the party or his attorney, its contents cannot be shown, and the rule will be discharged as improvidently granted.

2. The *ex parte* affidavit of the party himself may be the foundation of a rule to show cause, but it is not competent for the purpose of proving facts necessary to sustain the rule. In all cases where the testimony of the party can be received for such purpose, it must be by depositions and upon notice.

3. If a defendant suffers a term to elapse after a judgment regularly obtained against him, the court will not interfere summarily to set aside the judgment, unless such delay is very satisfactorily accounted for.

4. After judgment, execution, and money paid over to the plaintiff thereon, the court will hardly interfere to set aside the judgment. *Query.* Could the defendant have any remedy for the return of his money, if the court did not set aside the judgment in such case?

On rule to show cause.

Argued, in the branch court, before Justices ELMER and POTTS. *Halsted*, for defendant; *Dudley* and *Carpenter*, for plaintiff.

ELMER, J. Galbraith obtained a judgment against Cooper, in the vacation preceding June term, 1852, pursuant to the act entitled, "An act to facilitate the administration of justice," approved March 15, 1851. At the succeeding November term, a rule was obtained by the defendant, calling on the plaintiff to show cause why the judgment should not be set aside, and he be permitted to plead, and authorizing him to take depositions to be read on the hearing. At the February term last,

the argument on this rule was commenced; but the court not being able to hear it through, the further hearing was postponed, and it is now to be disposed of as if regularly brought on.

It appears that the affidavit of the defendant, upon the reading of which the rule to show cause was allowed, was not put on file, and cannot now be found. A new *ex parte* affidavit of the defendant, and an affidavit of the counsel, made pending the argument, are now offered to show the loss of the original affidavit, and to prove its contents. I am clearly of opinion that no sufficient ground for receiving these affidavits has been shown. It is the duty of a party obtaining a rule of this court upon facts disclosed by affidavit to put the affidavit on file. If this is neglected, unless it be made to appear that the neglect was occasioned by some casualty which no ordinary precaution could guard against, the court must proceed as if no affidavit had been made; and if the rule is of such a nature as required special facts to be shown, will discharge it, as improvidently granted. To permit the contents of such an affidavit to be supplied by a new one, without some strong necessity, would be to open the door to evils too obvious to require comment.

The newly made affidavit of the defendant is also offered to be read to explain the laches, by not pleading in time and by not applying to the court at the first opportunity; and also to prove facts tending to show that he has a good defence to make against the action of the plaintiffs. I think it altogether incompetent for either of these purposes. The *ex parte* affidavit of the party is received to show such a *prima facie* case as will induce the court to allow a rule to show cause; and such an affidavit regularly on file may, perhaps, be read at the hearing, simply to show the defendant's belief that he had merits. In a plain case of surprise, the court, in its discretion, may open a judgment and let in a party to defend upon his own affidavit taken without notice, as was done in the case of *Crane* ads. *Condit*, 1 *Harr.* 349. But, to justify such a course, the facts must be so indisputable and the case so clear of doubt as to justify considering the motion, under the cir-

cumstances, one of course.    Where controverted facts are to
be shown, if in their nature they are only within the know-
ledge of the party, and therefore not susceptible of other proof,
as in a question addressed to the discretion of the court, the
party's deposition may be proper: such deposition, like that
of any other witness, must be taken on notice, so that the op-
posite party may have an opportunity to cross-examine.   Such
depositions come directly within the 56th to 59th rules of the
court.   In the case of *Parker* v. *The Sussex Bank*, 3 *Halst.*
160, which was an application to change the *venue*, the rule
was laid down to be, that where facts are stated which cannot
be rebutted a notice is not necessary ; but where the motion
is a special one, and is to be examined upon special facts
which may be inquired into, there a notice is necessary.   In
this case the motion is special, and the party applying for the
rule has himself obtained leave to take depositions in support
of it.   All the facts proper to be shown must be proved, as re-
quired by the rules of the court before quoted.   That the party
may himself testify can make no difference : there is quite
as much reason that he should be subject to a cross-examina-
tion as a witness who would be competent on the trial of an
issue before a jury.

So far, then, as the facts judicially appear, the defendant
has suffered a term to elapse after a regular judgment was
obtained against him, upon which an execution was issued
and levied, without any application to the court for relief and
without any excuse for the delay.   Such a delay unaccounted
for is itself a sufficient reason why the court should decline
to interfere.   But it appears, by the statements of the counsel
on both sides, that before any application was made to the
court, or any notice was given to the sheriff or to the plaintiff
or his attorney of any intention to apply, the money mentioned
in the execution was paid by the defendant to the sheriff, and
by him paid over to the plaintiff.   Surely it ought to be a spe-
cial case, indeed, that will justify the court in setting aside a
judgment by default under such circumstances.   No case has
been produced, nor am I aware of any in which the court has
interfered, unless the process was unexecuted or the money

within its control, so that it could give effectual relief. Should the defendant be permitted now to plead and try the cause, and a verdict and judgment should be rendered in his favor, how is he to get back his money? Certainly not by means of a writ of restitution, as the counsel for the defendant suggests. All his cases are upon the reversal of a judgment when there is an actual judgment of restitution. Here there would be simply a judgment against the defendant for the costs. No notice could be taken on the record of the judgment by default or the proceedings under it. Possibly the court might, by rule, order the money restored, and enforce obedience by attachment, if the plaintiff happens to be amenable to such a process, or, perhaps, an action for money had and received might be sustained. But the court, in a matter appealing to its discretion, must be fully satisfied that the party asking for such an exercise of it so entirely without precedent has been himself wholly free from blame, and has a case free from doubt.

Taking this view of the subject, it is unnecessary to go into a particular examination of the evidence presented to us to show that the defendant has in fact a real defence to make on the merits; at the most, it only shows that it is somewhat doubtful whether the claim against him is a valid one. I am of opinion that, as the case stands, the defendant has not shown himself entitled to relief, and that the rule to show cause must be discharged, with costs.

POTTS, J., concurred.