PENFOLD, CLAY & Co., plaintiffs in error, *vs.* F. P. SINGLE-TON & Co., defendants in error.

Where a promissory note had been placed in the hands of an attorney at law for collection, and suit had been instituted thereon in the name of the plaintiffs, the rightful owners thereof, against the defendants, and pending the suit the plaintiff's attorney, on his own motion, moved the Court to strike out the names of the original plaintiffs and substitute in place thereof the name of a party who had no legal valid title to said note, and proceeded to take a verdict and sign judgment thereon in the name of such substituted party plaintiff against the defendants, which had been paid off by them : *Held*, that there was no error in the Court below in refusing to set aside and vacate the judgment on motion of the plaintiffs' attorney in said case for the benefit of his clients, who were the original plaintiffs in the case, against the consent of the defendants, who are entitled to be protected in the payment of that judgment, under the statement of facts presented by the record.

Motion to set aside a judgment. Decided by Judge CLARKE. Clay Superior Court. August Term, 1867.

Penfold, Clay & Co., by their attorney, S. S. Stafford, sued F. P. Singleton & Co., on a promissory note for $538.33, dated 29th March, 1860, and due six months thereafter. The case was returned to June Term, 1861, of Clay Superior Court.

During the war, on motion of Stafford, who represented the case of Penfold, Clay & Co., as attorney in the Court, an order was taken reciting that plaintiffs were " alien enemies under the Act of Sequestration of the Confederate States of 1861," and " William C. Daniel, receiver under said act, having been appointed under said act, to prosecute such claims," it is ordered that Daniel be made a party plaintiff, and " that said claim proceed to judgment for the use of the Confederate States." Under this, verdict was taken and judgment entered in June, 1863.

The war having ended, Stafford, as the attorney for Penfold, Clay & Co., procured a rule *nisi*, reciting the foregoing facts, and calling on F. P. Singleton & Co. to show cause why said order and judgment should not be vacated and annulled, and said case proceed in the name of Penfold, Clay & Co. They showed for cause:

Penfold, Clay & Co. *vs.* Singleton & Co.

1st. There is no sufficient reason shown in said rule *nisi* why the case should be reopened.    It appears by the records of the Court that a judgment has been rendered upon a verdict and duly entered and signed up by counsel for the same plaintiffs, and there is no evidence to show any default of defendants in any error committed, if error there was, in substituting a receiver of the Confederate States in lieu of the original plaintiffs.    Said judgment was not the result of any accident or mistake or misapprehension of facts, there was no appeal or writ of error taken, and therefore the Court has no power to vacate this judgment.

2d. *Fi. fa.* was issued on said judgment and they had paid the same to the Sheriff, and were thereby discharged; that the Sheriff was the agent of the plaintiff in *fi. fa.* and authorized by law to receive payment, and if the fund was misapplied, they were not blameable.

3d. Because the order and judgment were valid.

There seems to have been no dispute about this payment, but it was conceded it was in Confederate States currency, and was never paid to the plaintiff.

The Court refused to set aside the judgment and discharged the motion, and this is brought up for review.

S. S. STAFFORD, SIMS & BOWER, by Judge LYON, for plaintiffs in error.

H. FIELDER, for defendants in error.

WARNER, C. J.

The error assigned to the judgment of the Court below in this case, is the overruling the motion to set aside the judgment against the defendants.    It appears from the record, that a suit was pending in the Superior Court of Clay county, in favor of Penfold, Clay & Co., vs. F. P. Singleton & Co., upon a promissory note.    The suit was brought by Stafford, as the attorney of Penfold, Clay & Co.

Pending the suit, it being represented that Penfold, Clay & Co. were alien enemies, on motion of Stafford, their attor-

ney, an order was passed by the Court making Wm. C. Daniel, receiver of the Confederate States, party plaintiff, and that said case proceed to judgment in his name, for the use of the Confederate States. There was a verdict and judgment thereon in favor of the substituted plaintiff against the defendants, which is signed by S. S. Stafford, plaintiff's attorney. The defendants paid off the judgment in Confederate money, without any objection being made to the currency, so far as the record shows. In August, 1867, Stafford, acting as the attorney of Penfold, Clay & Co., moved to set aside the judgment so rendered against the defendants in the case. This motion the defendants resisted, and the Court refused to grant it.

The defendants had nothing to do with making Daniel a party plaintiff, they were sued upon their contract and judgment obtained against them in a regular judicial proceeding. The judgment was regularly obtained against them, and they have paid it, and are entitled, so far as this record shows, to be protected in that payment by the judgment of the Court. Whether the original plaintiffs have received the money paid by the defendants in satisfaction of the judgment, does not affect them, they were not bound to see that the officers of the Court, to whom they paid the money, made a proper application of it in the absence of any fraud or collusion on their part. If Mr. Stafford, as the attorney of Penfold, Clay & Co., had been prevented from prosecuting the suit in their name, he could have dismissed it, or refused, as their attorney, to prosecute the suit in the name of other parties; but having *voluntarily* substituted the name of Daniel as plaintiff, and prosecuted the suit to judgment against the defendants in his name, and they having paid off the judgment, they will be protected by it in such payment, and the motion to vacate and set it aside, was in our judgment, properly refused by the Court below upon the state of facts presented by this record.

Let the judgment of the Court below be affirmed.