[No. 9108. Department Two. — April 27, 1886.]

MOSES M. FEDER, APPELLANT, v. SAMUEL EP-STEIN ET AL., RESPONDENTS.

PARTNERSHIP — ACTION AGAINST — DEFENDANTS SUED BY INDIVIDUAL NAMES — SUMMONS — SERVICE ON ONE DEFENDANT — JUDGMENT. — Where an action is brought against two defendants alleged to be partners, but sued by their individual names, to enforce a partnership liability, and the summons is served on only one of them, who makes default, the plaintiff is not entitled to a judgment against both defendants as provided in section 388 of the Code of Civil Procedure.

APPEAL from an order of the Superior Court of the city and county of San Francisco refusing to amend a judgment.

The judgment in question provided that the plaintiff have and recover from Samuel Epstein, the defendant served, a certain sum of money. The further facts are stated in the opinion.

*Flournoy, Mhoon & Flournoy,* and *J. H. Shankland,* for Appellant.

BELCHER, C. C. — This was an action to recover the value of certain goods, wares, and merchandise, alleged to have been sold and delivered to the defendants.

The complaint was entitled "Moses M. Feder, plaintiff, against Samuel Epstein and Wolf Epstein, partners, under the firm name of Epstein Brothers, defendants." It was alleged that the defendants "have been and now are partners under the firm name aforesaid," and the prayer was for "judgment against said defendants," etc.

The summons had the same title as the complaint, and then followed: "The people of the state of California send greeting to Samuel Epstein and Wolf Epstein, defendants"; and it concluded with a notice that if the defendants failed to appear and answer the complaint, the " plaintiff will take judgment against you," etc.

The sheriff returned that he served the summons "on Epstein Brothers, by delivering to Samuel Epstein, one of said defendants, personally in the county of Ventura, a copy of said summons," etc.

Samuel Epstein failed to appear and answer, and a judgment of default was entered against him.

The plaintiff then moved the court to amend the judgment so as to make it a judgment against the firm of Epstein Brothers, and to be enforced against the joint property of the firm, as well as against Samuel Epstein and his separate property.

The court denied the motion, and the plaintiff has appealed from the order.

We see no error in the ruling. The associates were not sued by their common name, but by their individual names, and the case was therefore not within the provisions of section 388 of the Code of Civil Procedure. (*Davidson* v. *Knox*, 67 Cal. 143.)

The judgment as entered was authorized by section 414 of the code, and if not deemed sufficient, proceedings may be taken to have the other defendant bound by it. (Secs. 989–994, Code Civ. Proc.)

The order should be affirmed.

SEARLS C., and FOOTE, C., concurred.

The COURT. — For the reasons given in the foregoing opinion, the order is affirmed.