[No. 1579.]

IN THE MATTER OF THE ESTATE OF C. C. POWNING, DECEASED. O. LONKEY, APPELLANT, *v.* CLARA A. POWNING, AS ADMINISTRATRIX, RESPONDENT.

ESTATES OF DECEASED PERSONS—CLAIMS—EFFECT OF REJECTION—PRACTICE. The rejection of a claim by the administratrix under our statute, for any reason, is not a final determination of the rights of the claimant. The claimant may institute a suit thereon and reserve all questions affecting his rights for review in the appellate court.

IDEM—IDEM—DEFECTIVE AFFIDAVIT—AMENDMENT—PRACTICE—APPEAL. Section 3041, Compiled Laws of 1900, provides that a party affected by a decision concerning an estate of a decedent can appeal, such appeal "to be governed in all respects as an appeal from a final decision" in actions at law. Section 2894 provides that the district court, in its discretion, can permit an amendment of a defective affidavit to a claim: *Held,* that in an action by a claimant on a rejected claim, that an appeal would not lie from an order refusing permission to amend a defective affidavit, since the claimant may, in making his proofs in the action upon the rejected claim, reserve any question growing out of the abuse of the court of its discretion in such matter.

APPEAL from the Second Judicial District Court, Washoe County; *B. F. Curler,* Judge.

Proceeding to enforce a rejected claim against the estate of C. C. Powning, deceased. From an order refusing claimant's motion to amend his defective affidavit of claim against the estate, the claimant appeals. Dismissed.

The facts sufficiently appear in the opinion.

*Torreyson & Summerfield* and *F. H. Norcross,* for Appellant:

I. The order of the court denying the motion for leave to amend the affidavit to the claim is a final judgment from which an appeal will lie within one year. (*Mayberry* v. *Bowker,* 14 Nev. 336; *State* v. *Logan,* 1 Nev. 509; *Cal. St. Tel. Co.* v. *Patterson,* 1 Nev. 150; *Perkins* v. *Mining Co.,* 10 Nev. 405; Probate Act, sec. 269, Comp. L. 1900, sec. 3055.)

II. It is urged by respondent's counsel that "it does not appear that the appellant was prejudiced by the order denying his motion to amend" because a suit has been commenced upon the rejected claim, and it does not appear that appellant has been prejudiced by reason of the court's refusal of the amendment prayed for. This contention is manifestly without merit. The holder of a rejected claim is required

to bring action thereon within thirty days after being notified of its rejection or it is forever barred. (Comp. Laws, 2897.) In order to save the bar of the statute, suit had to be brought upon the rejected claim within the thirty days. But the right to bring the suit and the right to recover judgment are two separate affairs. If the affidavit was so defective that it could not be allowed by the administrator, judgment certainly could not be had thereon unless it could be amended so as to comply with the statute. It therefore appears that the amendment of this affidavit was a prerequisite to the right of recovery upon the claim in the action. The only object of having the complaint introduced in the record was to show that the right of action on the claim was not barred.

III. A defective affidavit will not support a judgment in an action upon the claim supported by the defective affidavit. Hence the necessity of having the defective affidavit amended before going to trial in the suit upon the claim. (*Perkins* v. *Onyett*, 86 Cal. 348.)

IV. Appellant has the right of appeal from the order of the lower court denying his application to amend the affidavit to his claim, even though it was discretionary in the court to grant the motion, it clearly appearing that there was an abuse of a legal discretion. (2 Enc. Pl. & Pr. 94.)

*A. E. Cheney* and *O. J. Smith*, for Respondent:

I. The affidavit of the claimant constitutes no part of the record on appeal. This is claimed to be an appeal from a judgment, not an order. And it is only where the appeal is from an order that affidavits may be annexed to the order in the place of a statement. (Comp. Laws, sec. 3432.)

II. It does not appear that the appellant was prejudiced by the order denying his motion to amend. A suit upon his claim appears to have been commenced. Whether it has been prosecuted successfully or not does not appear. Unless he was prevented from making proof of his claim because of the action of the court in refusing his amendment, he has sustained no injury thereby. Prejudicial error must appear affirmatively in a proceeding of this character. It will not be presumed.

III.   The granting of the leave to amend was discretionary with the trial court.   Since it involves no legal right, no appeal will lie.   (2 Enc. Pl. & Pr. 92.)

By the Court, MASSEY, J.:

On the 14th day of January, 1899, O. Lonkey filed his claim against the estate of C. C. Powning, deceased.   The claim was based upon a note executed by the decedent in his lifetime, the original being attached to the statement of the claim and the affidavit in support thereof.   On the 10th day of February, 1899, the administratrix rejected said claim, for the reason that the affidavit thereto attached failed to comply with the requirements of the statute.   It is not necessary to note the defects in the affidavit.   Thereafter, on the 20th day of February, 1899, the administratrix notified the claimant of the rejection of the claim, and on the 17th day of March, 1899, Lonkey instituted suit in the district court upon said claim.   On the 3d day of June, 1899, upon notice to the administratrix to that effect, the claimant made application to the district court for leave to amend the affidavit, which application was by the order of the court refused.   This appeal is from the order refusing claimant's motion to amend.

The administratrix contends that an appeal will not lie from this order, and asks us for an order of dismissal.   The claim- ant contends that the order comes within the provisions of section 255 (Comp. L. 1900, sec. 3041) of the act to regulate the settlement of estates of deceased persons, and should be treated as an appeal from a final judgment in an action at law.   The question, as far as we have been able to ascertain after a careful search, is new and must be determined by the provisions of the above act.

The section prescribing the form of the affidavit to be attached to the claim authorizes the district court in its dis- cretion, for good cause, upon application made at any time before the filing of a final account, to allow a defective affi- davit to be corrected or amended.   (Comp. L. 1900, sec. 2894.)

It cannot be doubted that there should be some procedure by which the abuse of the discretion reposed in the court should be reviewed and corrected; otherwise, as it is urged

Opinion of the Court—Massey, J.

under the decision of the Supreme Court of California, the defect in the affidavit would operate to defeat the right to recover in the action upon the rejected claim. It is not necessary, as we think, to anticipate what should be the rule as to the effect of a defective affidavit upon the claimant's right to recover under our statute, nor is it necessary to discuss the California case cited, as the determination of these questions of procedure by all the courts is, of necessity, based upon the language, to a very great extent, used in the particular statute to be construed. The rejection of a claim by the administratrix under our statute, for any reason, is not a final determination of the rights of the claimant; he may, under the statute, institute a suit thereon in which there are adverse parties, and, under the statutory rules, reserve all questions affecting his rights for review in the appellate court. It seems to us, as necessarily arising from the provisions of our act, that the claimant, having made his application to the court for leave to amend, may, in making his proofs in the action upon the rejected claim, reserve any question growing out of the abuse of the court of its discretion in this matter.

The appeal will, therefore, be dismissed.