[Civ. No. 720.   Third Appellate District.—October 20, 1910.]

MACLAY COMPANY, a Corporation, Appellant, v. N. L. MEADS, CHARLES P. DOE, H. G. COX, and G. L. RAY, Individually, and as Copartners Under the Firm Name and Style of PETALUMA TRANSPORTATION COMPANY et al., Respondents.

UNLAWFUL DETAINER—JUDGMENT FOR TREBLE RENT—MOTION TO VACATE—OBJECTION TO COMPLAINT—GENERAL APPEARANCE—WAIVER OF JURISDICTION.—In an action for unlawful detainer, where judgment was rendered for increased treble rent, and defendants, who had not been served with summons, moved to vacate the judgment, such defendants, by objecting to the sufficiency of the complaint, and filing a demurrer thereto, with an affidavit of merits, made a general appearance, and thus waived the objection that the court was without jurisdiction to render the judgment because such defendants were not, or might not have been, served with summons.

ID.—AFFIDAVIT OF MERITS NOT REQUIRED.—A motion to vacate a judgment based upon want of jurisdiction of the person does not rest upon section 473 of the Code of Civil Procedure, and does not require the filing of an affidavit of merits.

ID.—FILING OF DEMURRER.—The filing of the demurrer is a move addressed to the merits of the case by the defendants demurring.

ID.—OBJECTION TO INSUFFICIENCY OF COMPLAINT — DEMURRER IN EFFECT.—The objection to the insufficiency of the complaint, in the motion to vacate the judgment, is itself in effect a demurrer to the complaint, and the defendant thereby challenges the judgment on a ground other than that of want of jurisdiction of the person of the defendants.

ID.—RESULT OF OBJECTION ON NONJURISDICTIONAL GROUND—GENERAL APPEARANCE.—Where a motion to vacate the judgment challenges it on any nonjurisdictional ground, though it may be also challenged on jurisdictional grounds, the appearance to challenge it on a nonjurisdictional ground is general in its nature, no matter what the party making the motion may call it, though he may name it as a special appearance. ·

ID.—ORDER VACATING JUDGMENT AS TO PARTNERSHIP NOT SUED—ABSENCE OF CAUSE OF ACTION—VOID JUDGMENT.—Where it appears not only that the complaint states no cause of action against a partnership, but also that the partnership is not a party to the action and is not sued as such, the judgment rendered against it is void and was properly vacated.

ID.—COMPLAINT AGAINST INDIVIDUALS—DESCRIPTIVE WORDS OF PARTNERSHIP.—Where the complaint is against persons individually named,

and merely adds descriptive words: "And as partners doing business under the firm name and style of the Petaluma Transportation Company," such descriptive words do not and cannot make such partnership a party defendant to the action.

ID.—PROPER MODE OF SUING PARTNERSHIP.—The only proper mode of suing a partnership is where the action is expressly against it as such, under the terms of section 388 of the Code of Civil Procedure, in which case the service of summons on one or more of the partners is sufficient to make the judgment binding not only upon "the joint property of all the associates," but upon "the individual property of the party or parties served with process."

ID.—DIFFERING EFFECT UPON PARTNERSHIP WHERE PARTNERS ONLY ARE SUED.—Where the action is against the members of the partnership in their individual character, and not against the partnership by its partnership name, the effect of the service of summons on one member or on all the members is not to summons the partnership, but only the member or members upon whom service is had, and in such case, in order to bind all of the members of the firm by any judgment obtained in the action, service of summons must be made upon all.

ID.—JUDGMENT AGAINST PARTNERSHIP CORAM NON JUDICE.—Where the complaint is only sufficient as against the members of the partnership sued individually, and is no complaint against the partnership transportation company, a judgment rendered against it would be obviously *coram non judice*, and may be vacated as such.

ID.—EXECUTION OF JUDGMENT FOR RESTITUTION OF PREMISES—MONEY JUDGMENT FOR TREBLE RENT—PROPER VACATION AS TO PARTNERSHIP.—Notwithstanding the fact that the judgment for the restitution of the premises has been executed as to all parties in possession, yet the money judgment for treble rent not having been executed, and having been rendered against the partnership without jurisdiction, the court properly vacated it.

ID.—RIGHTS OF OTHER DEFENDANTS—REHEARING.—Though if the motion to vacate the judgment was not clearly denied as to defendants who are respondents, they are entitled to have it acted on in the court below, yet where the judgment here is as broad as the order appealed from as to the partnership, this court cannot on rehearing determine a matter as to the individual defendants about which there is silence in the record.

APPEAL from an order of the Superior Court of Sonoma County vacating a judgment as to a partnership. Emmett Seawell, Judge.

The facts are stated in the opinion of the court.

Lippitt & Lippitt, for Appellant.

W. H. Early, for Respondents.

HART, J.—This is an appeal from an order setting aside the judgment and default entered in favor of the plaintiff.

The action is for unlawful detainer, and was instituted on the twenty-third day of November, 1909, for the purpose of securing restitution of certain premises, situated in the city of Petaluma, Sonoma county, which were, by an instrument in writing, leased by the plaintiff to N. L. Meads, one of the defendants herein, for the term of one year from the first day of July, 1908, at the monthly rental of $75, payable in advance on the first day of each and every month during said term, and for judgment, for treble the amount of rent found by the court to be due. (Code Civ. Proc., sec. 1174.)

The complaint alleges that said Meads "assigned said written agreement and lease to the Petaluma Transportation Company"; that "said defendants, N. L. Meads, Chas. P. Doe, G. L. Ray, and H. G. Cox, or some of said defendants, or others to this plaintiff unknown, constituted, and, at the time of said assignment of said lease constituted, the Petaluma Transportation Company," and that said defendants, or some of them, or others unknown to the plaintiff, "acting and assuming to act under the name and style of Petaluma Transportation Company, continue to hold possession of said premises as tenants of this plaintiff." It is further alleged that, although the right of said defendants to the possession of the premises expired, under the terms of said lease, on the thirtieth day of June, 1909, they "have continued and are now in the possession of said premises, as tenants of this plaintiff."

The complaint further declares that, "on the twenty-seventh day of September, 1909, and more than thirty days before the expiration of the month of October, 1909, the plaintiff gave notice in writing to the defendants, changing the terms of said tenancy, to take effect at the expiration of the month of October, 1909, increasing the rental of said premises to the sum of Three Hundred Dollars for the month of November, 1909, payable on the first day of November, 1909."

The defendants, so the complaint further avers, failed and refused to pay to the plaintiff the said sum of $300 on the

first day of November, 1909, then due for rent of said premises, "pursuant to the lease from month to month between the plaintiff and defendants, as hereinbefore alleged, and pursuant to the said notice in writing changing the terms thereof," and that by reason of the said default in the payment of said rent, there is due plaintiff from defendants the sum of $300, etc.

The ninth paragraph of the complaint reads as follows: "That the premises hereinbefore described and leased by the plaintiff to the defendants as aforesaid, at all the times hereinbefore mentioned, have been used by the steamer 'Resolute' and the owners thereof for wharfage purposes; said steamer 'Resolute' and the owners thereof so acting and using said premises for wharfage purposes, either as agents of the defendants, N. L. Meads, Charles P. Doe, G. L. Ray and H. G. Cox or some of them, or others unknown to the plaintiff constituting Petaluma Transportation Company, or as members of said partnership under the firm name and style of Petaluma Transportation Company."

Immediately upon the filing of the complaint a summons, addressed to all the defendants named in the title of the action, was caused to be issued and on the same day said summons was served on the defendants, Meads and Ray. There also appears in the record before us an affidavit of a purported service of said summons on the Petaluma Transportation Company. This affidavit was by one Reuben G. Hunt, who alleged therein that, on the twenty-third day of November, 1909, he "personally served a summons in the above-entitled action hereto annexed and made part hereof, on the Petaluma Transportation Company, one of the defendants therein named, by delivering to N. L. Meads, personally known to me to be a member of said partnership, a copy of said summons," etc.

The summons, as the statute requires to be done in such case (Code Civ. Proc., sec. 1167), commanded the defendants to appear and answer the complaint within three days after the service of said summons upon them, and notified them that unless they did so appear and answer, the plaintiff would apply for the relief asked for in the complaint. None of the defendants thus served answered the complaint or otherwise appeared in the action within the time named in the sum-

mons and as prescribed by the statute, and, accordingly, on the twenty-seventh day of November, 1909, the plaintiff applied for a default, which application was granted and judgment thereupon entered against the defendants, Meads, Ray and the Petaluma Transportation Company, adjudging plaintiff to be entitled to the possession of the demanded premises, annulling and forfeiting the lease, and for treble the amount of the rent ($300.00) alleged to be due.

On the twenty-ninth day of November, 1909, the defendants appeared and served and filed a notice of motion to set aside the default entered against them, and at the same time served and filed a general demurrer to the complaint. This motion was made upon the grounds: 1. That said default was entered by the clerk of the court contrary to section 1169 of the Code of Civil Procedure; 2. That the defendant, Petaluma Transportation Company, was not served with summons.

On the third day of December, 1909, the plaintiff caused to be issued a writ of restitution, directed to the sheriff of Sonoma county, who executed said writ by placing the appellant in possession of the premises concerned here, and on the sixth day of December, 1909, said officer made a return to that effect on said writ to the court.

On the last-mentioned date the motion of defendants to set aside the default was heard and denied by the court, permission, however, being granted defendants to notice and file a motion to vacate and set aside the judgment.

Thereafter, defendants served and filed a motion to vacate the judgment on the following grounds: 1. That the court was without jurisdiction to enter the judgment; 2. That the judgment is not supported by the pleadings; 3. That the defaults of the defendants herein were not entered. This motion was heard by the court on the thirteenth day of December, 1909, and an order made granting the same on the twentieth day of December, 1909.

With the notice of the last-mentioned motion the defendants filed an affidavit of merits, made by the defendant Cox, in which it is alleged, among other things, that affiant is a member of the "copartnership in the Petaluma Transportation Company; . . . that this affiant was not served with summons and had no notice of said action served on him either by way of summons and complaint or otherwise; that affiant has con-

sulted his attorney, W. H. Early, and is informed by his said attorney that he has a good and perfect defense to the said action on the merits, which said defense is based on a certain indenture of lease, a copy of which said lease is hereto attached and made a part of this affidavit . . . ; that affiant is informed by his said attorney that the said lease is in full force and virtue and a good and perfect defense to each and every part of said action on its merits.''

The lease so referred to appears to have been executed by plaintiff and the Petaluma Transportation Company, ''by N. L. Meads, Mgr.,'' in the month of July, 1909, and purports to lease to the Petaluma Transportation Company the premises in dispute for the term of four years, ''from and after July 1st, 1909, at the rent of $3,600.00, payable in monthly installments of $75.00 . . . in advance on the first day of each and every month during the term hereof.''

1. By objecting to the judgment on the ground that it was unsupported by the allegations of the complaint, the defendants undoubtedly made a general appearance, and thus waived the objection that the court was without jurisdiction to render and enter the judgment because the defendants were not or might not have been served with summons. In *Burdette* v. *Corgan*, 26 Kan. 102, it is said: ''The motion to vacate the judgment recited that the parties specially appeared and moved to set aside the judgment as void for several reasons— among them that the petition of the plaintiff did not state facts sufficient to uphold the judgment. . . . In the first place, we remark that this appearance by the motion, though called special, was in fact a general appearance, and by it this defendant appeared so far as she could appear. The motion challenged the judgment, not merely on jurisdictional but also on nonjurisdictional grounds, and whenever such a motion is made the appearance is general, no matter what the parties may call it in their motion.''

The rule as thus stated is expressly approved by our supreme court in the case of *Security etc. Co.* v. *Boston etc. Co.*, 126 Cal. 418–423, [58 Pac. 941, 59 Pac. 296]. (See, also, *Lowe* v. *Stringham*, 14 Wis. 222; *Gilbert-Arnold Land Co.* v. *O'Hare*, 93 Wis. 194, [67 N. W. 38]; *In re Clarke*, 125 Cal. 388, [58 Pac. 22]; 2 Ency. of Pl. & Pr. 625, notes and cases cited.)

The filing of a demurrer and an affidavit of merits—the latter unnecessary, since, obviously, the motion is not based on section 473 of the Code of Civil Procedure (*De La Montanya* v. *De La Montanya,* 112 Cal. 101, [53 Am. St. Rep. 165, 44 Pac. 345])—is a move addressed to the merits by the defendants here and is additional evidence of a general appearance, if, indeed, more evidence is necessary to show a general appearance than is disclosed by the objection to the judgment on the ground that it is not "supported by the pleadings." Indeed, said objection is itself, in effect, a demurrer to the complaint, and it is, therefore, very clear that the defendants thus challenge the judgment on a ground other than that of want of jurisdiction of the persons of the defendants.

2. But we think the complaint fails to state a cause of action against the defendant, Petaluma Transportation Company, or, in other words, the action is not against said company.

The caption of the complaint reads: "Maclay Company, a corporation, v. N. L. Meads, Charles P. Doe, H. P. Cox and G. L. Ray, individually and as copartners under the firm name and style of Petaluma Transportation Company," etc.

From an examination of the complaint it is to be noted that nowhere therein does it even appear that the Petaluma Transportation Company is a partnership, except in the caption and by implication, only, in paragraph 9 thereof, heretofore quoted herein. The third paragraph declares that Meads, one of the defendants, and to whom the premises were originally leased, subsequently assigned said lease to the "Petaluma Transportation Company," without alleging the character of said company, whether a partnership, association or corporation. Paragraph 4 alleges that the persons named as defendants in the caption of the complaint, "or some of them, or other persons unknown to plaintiff," constituted, at the time of said assignment of said lease, the Petaluma Transportation Company, and that they still "have possession of said premises as tenants of this plaintiff."

In other parts of the complaint it is averred that the defendants, Meads, Doe, Ray and Cox, etc., are acting under the name of Petaluma Transportation Company, but whether said transportation company is a partnership or an association or a corporation is not therein made to appear.

14 Cal. App.—24

The caption of the summons is, we infer from the record, the same as the caption of the complaint. The summons is directed to the defendants named in the caption of the complaint in the following language: "The People of the State of California send Greeting to N. L. Meads, Charles P. Doe, H. G. Cox and G. L. Ray, individually and as copartners under the firm name and style of Petaluma Transportation Company," etc., and directs them to appear and answer the complaint.

The person who served the summons, as we have seen, made a return as to the Petaluma Transportation Company, that he had personally served said summons on said company "by delivering to N. L. Meads, personally known to me to be a member of said partnership, a copy of said summons," etc.

The judgment is against "the said defendants, composing said partnership under the firm name and style of Petaluma Transportation Company for the sum of Three Hundred Dollars, trebled as provided by statute, to wit, Nine Hundred Dollars," together with costs, and for annulment and forfeiture of said lease and for restitution of said premises.

It will be observed that, so far as the caption of the complaint is concerned, the action is not against the *Petaluma Transportation Company,* a partnership, but against the persons expressly named as individuals and members of said partnership and others fictitiously named. The words "and as copartners under the firm name and style of the Petaluma Transportation Company" do not and cannot make the said partnership a party defendant to the action. The words referred to are merely descriptive—that is, they do no more than unnecessarily describe or identify the particular persons proceeded against, in their individual capacities, whatever may have been the intention of the pleader in so using them. They, in other words, amount to no more than would the following language if employed in the caption of the complaint: "Maclay Company, etc., v. John Jones and William Smith, individually and as *residents* of the city of Petaluma." Surely no one would for a moment contend, even if such a thing were possible, that such allegation, even in the charging part of a complaint, would or could be construed to include the city of Petaluma as a party defendant.

Nor does it appear from the averments of the complaint that the transportation company was or is made a party. The nearest the complaint even comes to alleging that said transportation company is a partnership is, as seen, in paragraph 9 thereof. But this allegation, while perhaps sufficient, as against a general demurrer, to indicate that the transportation company is a partnership, does not make the action one against such partnership.

The case of *Davidson* v. *Knox,* 67 Cal. 143, [7 Pac. 413], bears a striking resemblance to the one at bar in all particulars. There the caption of the complaint contained the names of certain persons, "copartners doing business under the firm name of Knox & Osborne." The complaint alleged that said persons (naming them) "now are . . . and have been, partners and associates, doing business under the firm name of Knox & Osborne, *and as such partners and associates,* owning, working and operating a certain quartz mine and quartz mill," etc. The prayer of the complaint, as here, asked for judgment against "said defendants." The caption of the summons was, as here, in the words of the caption of the complaint. The direction and notification to the defendants in the summons were the same as in the summons here. The judgment rendered and entered was against all the defendants, two of whom were not served with summons. The court said: "We are of opinion that this is an action against the individual partners doing business under the firm name of Knox & Osborne, on partnership contracts," etc. (See Code Civ. Proc., secs. 388 and 414.)

In *Feder* v. *Epstein,* 69 Cal. 456, [10 Pac. 785], the title of the action in the complaint was: "Moses M. Feder, plaintiff, v. Samuel Epstein and Wolf Epstein, partners, under the firm name of Epstein Brothers, defendants." The complaint alleged that the defendants "have been and now are partners under the firm name aforesaid." The prayer was for "judgment against said defendants," etc. The summons contained the same title as the complaint, and then followed: "The people of the State of California send greeting to Samuel Epstein and Wolf Epstein, defendants," and "concluded with a notice that if the defendants failed to appear and answer the complaint, the 'plaintiff will take judgment against you,' etc. The sheriff returned that he served the

summons 'on Epstein Brothers, by delivering to Samuel Epstein, one of said defendants, personally in the county of Ventura, a copy of said summons,' etc.''

Samuel Epstein failed to appear and answer, and a judgment of default was entered against him. Thereafter the plaintiff filed a motion for permission to so amend the judgment as to ''make it a judgment against the firm of Epstein Brothers, and to be enforced against the joint property of the firm as well as against Samuel Epstein and his separate property.'' The motion was denied, and the supreme court, sustaining this ruling, said: ''We see no error in the ruling. The associates were not sued by their common name, but by their individual names, and the case was therefore not within the provisions of section 388 of the Code of Civil Procedure,'' citing *Davidson* v. *Knox,* 67 Cal. 143, [7 Pac. 413].

In the investigation of this proposition, the case of *Peabody* v. *Oleson,* 15 Colo. App. 348, [62 Pac. 235], (not cited by either of the parties here), has comé under our observation. The suit was against the individual members of the partnership and not against the partnership by name. The contention there was that, under a section of the Colorado code, in all respects similar to section 388 of our Code of Civil Procedure, the suit should have been brought against the partnership by its name, and that ''there was no authority for a judgment against the individuals composing the firm.'' It was there held that, under the law of Colorado, a party had the right, in case of a partnership liability, either to sue *all* the members of the partnership by their individual names, thus binding them all to any judgment which might be obtained, or sue the partnership by the partnership name. And we do not say that either course may not be pursued in this state. But where, as here, the action is against the members of the partnership in their individual character, and not against the partnership by its partnership name, the effect of service of process or summons on one member, or on all the members, is not to summon the partnership but only the member or members upon whom such service is had, and, in such case, in order to bind all the members of the firm by any judgment which may be obtained in the action, service of summons must be made on all. Of course, where the action is against the partnership, then, by the terms of section 388, *supra,* service

of summons on one or more of the members of the partnership is sufficient, and thereby the judgment in the action is binding not only upon "the joint property of all the associates," but also upon "the individual property of the party or parties served with process." We entertain no doubt that, tested by the provisions of section 388 of the Code of Civil Procedure and the decisions to which we have directed attention, the complaint here falls far short of disclosing that plaintiff, however much it may have intended to do so, proceeded against the Petaluma Transportation Company. As in *Davidson* v. *Knox*, 67 Cal. 143, [7 Pac. 413], and *Feder* v. *Epstein*, 69 Cal. 456, [10 Pac. 785], so it is true here, that the defendants, though constituting, according to the averments of the complaint, the partnership named the Petaluma Transportation Company, "were not sued by their common name, but by their individual names," and the action was, therefore, against each member of said partnership, in his personal and not in his partnership character.

It requires the citation of no authorities to show that a judgment in favor of plaintiff must have for its primary support a complaint which states a cause of action against the defendant. To undertake to rest a judgment upon an alleged complaint which is bad for want of sufficient facts would, of course, be no less an act of futility than an attempted defiance of the inexorable law of gravitation. The complaint here is, it is true, sufficient as against those individuals that are proceeded against, but it is no complaint against the transportation company, as to which a judgment rendered and entered thereupon would, obviously, be *coram non judice.*

But the point is made that the judgment cannot be vacated because it has been executed in part as to all the parties, including the transportation company, and upon this proposition our attention is invited to cases cited in the footnotes of 23 Cyc. 893. (See *Penfold* v. *Singleton,* 36 Ga. 556; *Skillings* v. *Mass. Ben. Assn.,* 151 Mass. 321, [23 N. E. 1136] ; *Davis* v. *Blair,* 88 Mo. App. 372; *Foster* v. *Hauswirth,* 5 Mont. 566, [6 Pac. 19] ; *Galbraith* v. *Cooper,* 24 N. J. L. 219; *Alverson* v. *Alverson,* 2 R. I. 27; *Enders* v. *Burch,* 15 Gratt. (Va.) 64.) But an examination of these authorities will show that in each case there was, before the motion was made, "a total extinguishment of the judgment by *a full and complete perform-*

*ance* of its mandates and directions'' (*Davis* v. *Blair,* 88 Mo. App. 372), and, therefore, the judgment, which, in each case, was for money, became *functus officio.* It cannot be said that there has been ''a full and complete performance of the mandates and directions'' of the judgment here. According to the record only that portion of the mandates of the judgment restoring the premises to the plaintiff has been performed, while that portion awarding to plaintiff rent in the sum of $300, trebled, is ''very much alive.''

We think the court made no error in granting the motion as to the Petaluma Transportation Company, and the order is, therefore, affirmed.

Chipman, P. J., and Burnett, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on November 19, 1910, and the following opinion rendered thereon:

HART, J.—The point is made in the petition that the judgment of this court should have been that the order appealed from, in so far as it affected the defendants who were duly served with summons as well as those not served, but who made a general appearance in the proceedings on the motion to vacate the judgment, be reversed. It is asked that the judgment of this court be so modified as to conform to that suggestion.

As counsel for appellants suggest in the petition, the order vacating the judgment is rather ambiguous. All the defendants joined in the motion to vacate the judgment. The order of the court reads as follows: ''The motion to set aside the judgment and default of Petaluma Transportation Company is granted.''

While the order is, as stated, ambiguous or uncertain in that there is nothing therein expressly indicating what disposition was made of the motion as to the defendants other than the Petaluma Transportation Company, it would nevertheless seem to follow, by implication, from the language of the order, that the motion was denied as to said other defendants. Still the court might not have acted at all on the motion in so far as it affected the defendants other than the Petaluma Transportation Company. In the opinion filed in this court herein, the

concluding words were: ''We think the court made no error in granting the motion as to the Petaluma Transportation Company, and the order is, therefore, affirmed.''    Counsel declare that this language still leaves in the air the question whether the order as to the other defendants is reversed or affirmed. This contention is doubtless possessed of merit, but the fault is not with this court, for the judgment here is as broad as the order appealed from, and we know of no authority or principle which would justify a court of appeal in going beyond the scope of an order or judgment from which an appeal is taken and reviewing matters as to which there is absolute silence in the record.

If the trial court failed to dispose of the motion, in so far as it applied to the defendants, Meads, Doe, Cox and Ray, it was no doubt an oversight, which should, of course, be rectified. The parties are entitled to have the motion as to all the defendants who participated therein directly and clearly acted upon by the court below.    But, as stated, we cannot see our way clear to reverse or affirm or modify or in any way interfere with an order, where as here, we are by its ambiguity led into a state of uncertainty as to its scope and effect, or whether, indeed, any order in this case as to Meads, Cox, Doe and Ray was made at all.

It is needless to here suggest that it necessarily follows from the views expressed in the original opinion that the motion as to the defendants other than the Petaluma Transportation Company should not have been granted by the court below.

With regard to the question whether the Petaluma Transportation Company was made a party to the action, we adhere to the views ventured in our former opinion.

The petition is denied.

Chipman, P. J., and Burnett, J., concurred.