[Civ. No. 858.   Third Appellate District.—June 22, 1911.]

MACLAY COMPANY, Petitioner, v. SUPERIOR COURT OF SONOMA COUNTY, Respondent.

ORDER SETTING ASIDE DEFAULT—AFFIRMANCE UPON APPEAL AS TO ONE DEFENDANT—AMBIGUITY—POWER OF TRIAL COURT.—Where an alleged order setting aside a default as to one defendant named was affirmed upon appeal, and the order was recognized as ambiguous as to other defendants joining in the motion, and the power of the trial court to relieve them from default, on sufficient grounds, was recognized, notwithstanding a general demurrer filed, the trial court upon such affirmance had power to treat the original order as meaning what it intended, and as having in fact set aside the default as to all of the defendants joining in the motion.

ID.—COURT NOT ESTOPPED BY BILL OF EXCEPTIONS UPON APPEAL—QUESTION OF FACT—TRIAL UPON MERITS.—The superior court was not estopped from determining the question of fact as to the terms of the order made by it, because the judge thereof certified to the correctness of the bill of exceptions settled for use upon an appeal taken from an order setting aside a default as to one defendant, which was affirmed upon appeal. The form of the certificate may have been inadvertently made; but whatever may be the reason therefor,

the court had the right to assume that the order in fact made left it free to open the way to a trial upon the merits, which is always to be desired.

ID.—WRIT OF PROHIBITION NOT ALLOWABLE—QUESTION OF FACT AS TO TERMS OF ORDER.—A writ of prohibition will not lie to prevent a trial upon the merits, where the sole controversy as to the jurisdiction of the court arises out of a question of fact as to the terms of an order vacating a default, and there is no want of jurisdiction apparent upon the face of the application for the writ.

PETITION for writ of prohibition to the Superior Court of Sonoma County.   Emmet Seawell, Judge.

The facts are stated and referred to in the opinion of the court.

Lippitt & Lippitt, for Petitioner.

W. H. Early, for Respondent.

CHIPMAN, P. J.—Prohibition.   The history of the litigation out of which springs the cause for seeking the writ in this action will be found in the opinion of Justice Hart in the case of *Maclay Company* v. *N. S. Meads, Charles P. Doe, H. G. Cox and G. L. Ray, as Individuals and as Copartners Under the Firm Name and Style of Petaluma Transportation Company,* 14 Cal. App. 363, [112 Pac. 195], and an opinion on rehearing, at page 374 of 14 Cal. App., [113 Pac. 364]. The narrative of facts brings the history down to the judgment in favor of plaintiff against Meads, Ray and the Petaluma Transportation Company, entered November 27, 1909. It also therein appears that, on November 29, 1909, the defendants appeared, filed a motion to set aside the default entered against them in the action, and also filed a demurrer to the complaint; that on December 3, 1909, plaintiff caused a writ of restitution to be issued which was by the sheriff returned executed by putting the plaintiff in possession of the premises on December 6th; that on the same day, December 6, 1909, the motion of defendants to set aside the default was heard and denied, permission being given, however, to notice and file a motion to vacate and set aside the judgment and such motion was made on the grounds: 1. That the court was without jurisdiction to enter the judgment; 2. That the judgment

is not supported by the pleadings; 3. That the default of defendants was not entered. The motion was heard on December 13th and on December 20, 1909, an order was made granting the same. The order from which the appeal to this court was taken read as follows: "The motion to set aside the judgment and default of Petaluma Transportation Company is granted." For the reasons very fully shown in the original opinion it was held that "the court made no error in granting the motion as to the Petaluma Transportation Company," and the order was affirmed. On rehearing plaintiff urged that the judgment of this court should have been "that the order appealed from, in so far as it affected the defendants who were served with summons as well as those not served but who made a general appearance on the motion to vacate the judgment, be reversed," although, as suggested by counsel, "the order vacating the judgment is rather ambiguous." After pointing out that the order of this court was as broad as the order it was asked to review, the court said: "If the trial court failed to dispose of the motion, in so far as it applied to the defendants, Meads, Doe, Cox and Ray, it was no doubt an oversight, which should, of course, be rectified. The parties are entitled to have the motion as to all the defendants who participated therein directly and clearly acted upon by the court below. But, as stated, we cannot see our way clear to reverse or affirm or modify or in any way to interfere with an order where, as here, we are by its ambiguity led into a state of uncertainty as to its scope and effect, or whether, indeed, any order in this case as to Meads, Cox, Doe and Ray was made at all." Speaking of a possible implication by the order that the motion might be deemed denied as to the other defendants, it was further said: "Still the court might not have acted at all on the motion in so far as it affected the defendants other than the Petaluma Transportation Company." The suggestion made at the close of the opinion on rehearing, that the motion as to the defendants other than the Petaluma Transportation Company should not have been granted, had reference wholly to the question discussed in the original opinion, where it is shown that by the general appearance these defendants submitted themselves to the jurisdiction of the court, but it was not intended to direct the trial court in the exercise of its discretion on grounds

other than as such discretion might be affected by the decision that the appearance made by the defendants was general.

It is alleged in the petition for the writ that the trial court, in granting defendants' motion to set aside and vacate the judgment, made its order in the form as it appeared in the bill of exceptions on appeal, as shown above, and that the trial judge certified to the bill as correct on February 2, 1910; that thereafter the defendants filed their motion in the said superior court, that they would, on February 14, 1911, move the court to restore to the calendar of said court their demurrer theretofore filed in the action, which was opposed on the ground that said defendants had by their demurrer submitted themselves to the jurisdiction of said court, and that said judgment rendered against them is valid and binding, and was so declared in the judgment on appeal to this court. It is then set forth that at the hearing of said motion there were considered by the court the affidavits of two attorneys in behalf of defendants in which, among other things, it was alleged that the order made by the trial court, on December 20, 1909, vacating and setting aside said judgment, was as follows: "This cause having been heretofore submitted to the court for consideration and decision on motion to set aside default and judgment, the court now orders after having fully considered the same that the default and judgment herein be and the same is hereby set aside''; and that "no appeal has ever been taken by the plaintiff or defendants from said order."

It is then set forth in the petition that notwithstanding the objections of plaintiff to the consideration of said motion, "the said superior court on the 2nd day of March, 1911, ordered that the demurrer of said defendants filed November 29, 1909, be restored to the calendar of said court for determination"; that unless the said court is restrained, the said court "will proceed to hear and determine the said demurrer, and will proceed to take other and further steps in the said action"; that "the said superior court was, on said 14th day of February, 1911, and ever since has been, and now is without any jurisdiction whatever to make or enter any order restoring said demurrer to the calendar for hearing, or to proceed to the hearing of said demurrer for the reason that the judgment entered in said action of the 27th day of

November, 1909, is a valid, binding and subsisting judgment as against the defendants . . . and the time for appeal therefrom has elapsed.''

In the return to the writ to show cause respondent, Judge Seawell, alleges that the order of date December 20, 1909, appearing in the transcript on appeal, was not the order made by him, and that the only order the court in fact made was the order above set forth in the affidavits of counsel for defendants on motion to set aside the judgment, ''and that said order did in fact set aside and vacate the judgment theretofore made and entered in said matter entirely, and as to all of the said defendants, and that ever since said time and now the said order has remained unchanged.'' It is further averred in the return that plaintiff served notice of appeal on December 22, 1909, and that the bill of exceptions contained the order as therein set forth, but ''that the said indorsement (the certificate made by the respondent) was not correct for the reason that said bill of exceptions did not contain the real order made by said superior court on said 20th day of December, 1909.'' It is further averred that ''said judgment given and entered by said superior court on the 27th day of November, 1909, against said defendant was by said court on the 20th day of December, 1909, vacated and set aside, and that no appeal was ever taken from said order vacating said judgment, and that the time to appeal from said order has now expired.''

It is further set forth in the return: ''That on the 14th day of February, 1911, said superior court had jurisdiction to make its order restoring the demurrer of said defendants filed on November 29, 1909, to its calendar for determination''; that ''on said 14th day of February, 1911, said petitioner did secure a writ of execution from the clerk of said superior court, which said writ of execution was issued by the clerk of said court at the request of the petitioner herein; that the said writ of execution was issued aforesaid without right and was void and same was levied upon property of the Petaluma Transportation Company and said defendants; that thereafter the defendants in said action moved said superior court for an order vacating and annulling said writ of execution upon the ground that said judgment entered on the 27th day of November, 1909, had been vacated and set aside by

said superior court on the 20th day of December, 1909; that
said motion was duly presented to said court by the attorneys
for petitioner and said defendants and thereafter and on the
3rd day of March, 1911, said superior court did make its order
recalling and annulling said writ of execution for the reason
that the judgment had been previously vacated and set aside,
and said superior court did on said day make its order re-
storing defendants' demurrer to the calendar of said court
for determination; . . . that the default of defendants Charles
P. Doe, N. L. Meads, G. L. Ray and H. G. Cox, were never
entered in said action; that the defendants Charles P. Doe
and H. G. Cox were never served in said action with sum-
mons; that Petaluma Transportation Company was not made
a party defendant to said action; that the judgment entered
in said action on November 27, 1909, was vacated and set
aside by said superior court on the 20th day of December,
1909; that the superior court of Sonoma county has not ex-
ceeded its jurisdiction in said proceedings, and that at all
times and now said superior court has jurisdiction; that no
trial on the merits has ever been had in said action in the said
superior court of Sonoma county; that petitioner herein has
not been damaged by any action of said superior court . . .
and all acts of said superior court . . . are without prejudice
to said petitioner as its rights may appear.''

Out of all this more or less confusion of facts, the question
is narrowed down to the effect of the judgment on the appeal
to this court affirming the purported order of the lower court
made December 20, 1909, which read: ''The motion to set
aside the judgment and default of Petaluma Transportation
Company is granted.'' It is conceded that this order is am-
biguous as leaving in doubt whether the court intended to set
aside the judgment as to all the defendants and the default
as to the Petaluma Transportation Company or intended it to
apply only to the latter. The respondent declares in his re-
turn that this was not the order made by the court, but that
the order in fact made was as set forth by the trial judge in
his return. It appears from the affidavits of defendants' at-
torneys that the order appealed from was a rough minute
order made by the clerk of the court. How it came about that
the judge certified to the correctness of the bill of exceptions
containing the order as shown in the transcript on appeal,

without discovering the mistake, does not appear.   This order
went back affirmed, and the contention now is that it was a
final order and necessarily left the judgment in full force, and
that the court lost jurisdiction to disturb that judgment or to
restore the demurrer for hearing or to take any further steps
in the case looking to a trial on the merits.   In short, that the
court was estopped by its own order which had been appealed
from and affirmed.

If this order had clearly stated its purpose, admitting of
no doubt as to its import, or as to the intention of the court;
and if we were not confronted with the statement of the judge,
who made the alleged order, that he did not make it, but did
make another order which he states is the only order made by
him, we would have a situation which would present the points
now urged by the petitioner.

We think, however, that when the case went back, with this
alleged order affirmed, the court had the power to treat it as
meaning what the court intended, and the court had the power
to recognize the order which it had in fact made.   The cer-
tificate of the judge to the correctness of the bill of excep-
tions might have been given inadvertently, through mistake
or other cause; the judge, in hastily reading the bill, may
have thought that the order was sufficiently explicit or he may
not have examined it at all.   Whatever may have been the
reason for certifying the bill as it appeared in the transcript,
the order which was in fact made was not the order certified
as correct.   The court had jurisdiction to proceed on the as-
sumption that the order in fact made left the court free to
open the way to a trial on the merits, which is always to be
desired.   In taking its appeal plaintiff used in the transcript·
the rough minute order of the clerk instead of the real order,
which latter, it appears, was entered in his regular minute
order book—"Minute Book 'U,' page 462, Minutes of Depart-
ment No. 1, Superior Court of Sonoma County, California"—
and which, as we have seen, was the only order made and en-
tered in the case.

Mr. High says: "The writ will not go when the very ques-
tion of fact upon which it depends is denied and is the chief
point in the litigation yet pending and undetermined in the
court below."   The author cites as illustration the case where
the judgment of the court below depends upon the existence

or nonexistence of a certain judgment, and the fact as to whether such judgment was ever obtained is the issue in the court below. In such case, the author says, the writ will not issue, unless want of jurisdiction is apparent upon the face of the application, for, he says, if granted it would virtually be a trial of the case of the superior court upon its merits and before appeal. (High on Extraordinary Remedies, 3d ed., sec. 788, p. 745.) Here the sole controversy arises out of the order we have been considering and involves a question of fact as to what the order really was.

In making his order of March 3, 1911, the learned trial judge submitted his opinion in writing which casts light upon the questions. After reciting some of the facts leading up to defendants' motion to vacate and set aside the judgment, the opinion continues:

"The service on the Petaluma Transportation Company being fatally defective, because it was not properly made a party to the action, the default entered as to it was set aside and the judgment vacated. This much must be admitted by all parties to the action. As to the scope of the order made there is a disagreement. The blotter notes of the clerk show that the order opening the default went only to said company, while his minutes show that it was not so limited but included all defendants. Inasmuch as no formal default has ever been entered against any of the defendants other than said company, the scope of the order may not be material. But if the matter of default touching *all defendants* was before the court, it would be a strange psychological condition that would impel a court to decide only a portion of an indivisible question presented to it and leave the balance undetermined. The only logical way, perhaps, of accounting for such a condition would be the theory that the default of only a portion of the parties was demanded and entered, as the fact, coincidentally perhaps, is shown to be by the record in this case.

"From an examination of all the papers in the cause, the complaint is included, until the filing of the bond on appeal, which was subsequent to the court's ruling holding the service defective so far as the defendant Petaluma Transportation Company is concerned, it is very apparent that the theory of the plaintiff was that he was proceeding against an entity known as the Petaluma Transportation Company and inciden-

tally against Meads, its assignor. The fact that an attempt
was made to serve said company as shown by affidavits on file
and the further fact that only one other defendant besides
said assignor was served with summons would seem strongly
to indicate such to have been the case. Following this comes
a demand for a default against said company alone and the
actual entry of said company's default and none other; the
judgment seems to be drawn on the theory above indicated,
for phrases of the following character are to be found in said
judgment: 'that plaintiff have judgment against the said de-
fendants, composing said partnership under the firm name and
style of Petaluma Transportation Company,' etc., and 'that
an execution be issued against the said defendants, under the
name of the Petaluma Transportation Company,' etc.

"The court is of the opinion that the claim now made by
plaintiff that the notes found in the clerk's blotter contain the
complete order of the court in disposing of the motion to set
aside the default is weakened by an inspection of the record
made subsequent to the time that service of the summons was
held not properly made on said company. For example, the
notice of appeal, after setting out the name of all defendants,
states the appeal is to be taken from an order setting aside and
vacating the judgment given in favor of plaintiff and against
*the defendants;* the bond on appeal uses precisely the same
words. Perhaps other instances of the same character might
be found but this subject will not be pursued further.

"We now come to the main question at issue. On February
14th, 1911, plaintiff caused an execution to be issued in the
above-entitled action directed against all defendants, except
said company, and has levied on the steamer 'Resolute,' claim-
ing the same to be the property of the said defendants or some
of them, and threatens to sell the same as in such cases pro-
vided.

"The defendants have moved the court that an order be
made recalling and annulling said execution for the reason
that the judgment heretofore entered in said cause has been
vacated.

"Said motion to be made upon all the papers, records, files,
etc., in said cause; and also, for an order restoring the de-
murrer filed by them on the 29th day of November, 1909, to
the calendar. The right to do both or either depends upon

the state of the record in this case which has heretofore been partially set out.

"The court is of the opinion that the defendants, as individuals appeared in the case before a default had been demanded or entered against them and therefore have at no time been in default. Indeed Doe and Cox were never served with summons and no dismissal was made as to said persons.

"Any judgment that may have been entered against defendants, unquestionably against Doe and Cox, if it can be said from an inspection of said judgment that the same includes them as individuals, or as members of said company, was improperly made and entered. So far as the appeal from the order setting aside the default and judgment is concerned, the court is of the opinion that in case of conflict, such as is here presented, the amplified order found in Minute Book 'U,' page 445, should control. In either event there would be no legal subsisting default for the reason that in the first instance the default against said company is' void and in the second the default has been set aside and no appeal was taken from it.

"Aside from anything above stated by the court the policy of the law favors the trial of causes upon their merits.

"And for a greater reason should this policy prevail in cases such as this, where treble damages are demanded.

"It is the order of the court that the execution issued in the above-entitled cause on February 14th, 1911, be, and the same is recalled and annulled; also that defendants' demurrer, filed November 29th, 1909, be and the same is hereby restored to the calendar for determination."

The writ is denied.

Hart, J., and Burnett, J., concurred.